■ CHARLES E. STUART, Individually and as President of the Police Benevolent Association of the New York State Police, Inc., Respondent, v BOARD OF DIRECTORS OF THE POLICE BENEVOLENT ASSOCIATION OF THE NEW YORK STATE POLICE, INC., et al., Appellants.—Appeals from orders of the Supreme Court at Special Term, entered October 15, 1979, December 6, 1979 and December 19, 1979 in Albany County, which (1) granted preliminary injunctions to plaintiff and (2) denied defendants' motion to reargue or renew. Plaintiff is the elected president of defendant Police Benevolent Association (PBA), a not-for-profit corporation. The PBA board of directors

brought charges against plaintiff and, after a hearing, voted to expel him from membership and declare his office vacant, since PBA by-laws require that the president be a member of the association. A declaratory judgment action was thereafter brought by plaintiff seeking a determination that the removal proceedings brought against him were in violation of subdivision (a) of section 714 of the Not-For-Profit Corporation Law, which requires that an officer elected by the members may be removed only by the vote of the members. Plaintiff moved for a preliminary injunction restraining the defendant board of directors, during pendency of the action, from implementing its decision to remove him from office. By an order entered October 15, 1979, defendants were enjoined from removing plaintiff as president of the PBA, and Special Term stated in its decision that plaintiff would be permitted to act as president "until such time if he is * * * removed by the vote of the membership". Defendants appeal from this order. Subsequently, an action was commenced pursuant to subdivision (c) of section 714 of the Not-For-Profit Corporation Law seeking a judgment removing plaintiff from his office as president of the PBA. The board then voted to suspend plaintiff's authority to act as president. By order entered December 6, 1979, defendants were enjoined from enforcing the decision to suspend plaintiff as president of the PBA. Defendants also appeal from this order and, in addition, defendants appeal from an order entered December 19, 1979 denying a motion to reargue. Since the filing of these appeals, the PBA membership has voted to remove plaintiff. Hence, no controversy remains with respect to the orders appealed from and the appeals should be dismissed as moot. Appeals dismissed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Herlihy, JJ., concur.