■ LUCY NOVINGER, Respondent, v EDEN PARK HEALTH SERVICES, INC., et al., Appellants.—Mercure, J. Appeal from

an order of the Supreme Court (Lynch, J.), entered January 16, 1990 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff was an executive housekeeper for defendants. Her employment was terminated for an alleged incident of insubordination. Plaintiff commenced this action alleging that the termination constituted a breach of an employment contract based on the terms of defendants' personnel policy manual. Defendants answered and thereafter moved for summary judgment on the ground that, as a matter of law, plaintiff had failed to establish the existence of anything other than an employment at will. Supreme Court denied the motion, giving rise to this appeal.

There must be a reversal. It is undisputed that the relationship between plaintiff and defendants was not governed by a written employment contract. The law is well settled that "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (Sabetay v Sterling Drug, 69 NY2d 329, 333). New York courts have recognized, however, that the presumption may be rebutted if it is established that the plaintiff was made aware of a written policy of limitation on the employer's right to discharge at the time the employment commenced and, in accepting the employment, the plaintiff relied on the termination only for cause limitation (Weiner v McGraw-Hill, Inc., 57 NY2d 458, 465-466; Brown v General Elec. Co., 144 AD2d 746, 747). The Court of Appeals has declined to imply contract terms that are inconsistent with the basic nature of at-will employment (see, Murphy v American Home Prods. Corp., 58 NY2d 293, 304-305) and, accordingly, "only an express limitation relied on by an employee will create a cause of action for breach of an employment contract" (Marvin v Kent Nursing Home, 153 AD2d 553, 554).

Here, the portions of the personnel policy manual relied upon by plaintiff establish a four-step discipline procedure which applies "when immediate termination or suspension is not warranted" and list examples of employee conduct that "may subject the offender to disciplinary action, including discharge". The grounds for termination are not exhaustive and the manual does not indicate or even intimate that such procedures will be followed in all cases. Notably, there is no express assurance in the manual that termination will be for cause only. Plaintiff's failure to establish an express limitation on defendants' right to discharge her is fatal to her case (see,

*Marvin v Kent Nursing Home, supra,* at 554; *Jagust v Brookhaven Mem. Assn.,* 150 AD2d 432, *lv denied* 74 NY2d 615; *Collins v Hoselton Datsun,* 120 AD2d 952). Moreover, the uncontroverted evidence that plaintiff was unemployed at the time she accepted defendants' job offer and first saw the personnel policy manual two weeks thereafter defeats any claim of detrimental reliance, an essential element of her cause of action *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, *supra; DiCocco v Capital Area Community Health Plan,* 159 AD2d 119; *Marvin v Kent Nursing Home, supra,* at 555; *Brown v General Elec. Co.,* 144 AD2d 746, 747, *supra).*

Given plaintiff's failure to establish a material issue as to the existence of an express limitation and her requisite reliance thereon, defendants' motion for summary judgment should have been granted.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.