■ Kevin A. Preston, Respondent, v Champion Home Builders, Inc., Appellant.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Thomas, J.), entered December 27, 1991 in Otsego County, which denied defendant's motion for summary judgment dismissing the complaint.

In November 1972, plaintiff was hired to work at defendant's manufactured home construction plant in the Village of Richfield Springs, Otsego County. Plaintiff admits that he was hired for an indefinite period of time and that his employment application contained no limitation on defendant's right to discharge him at any time.

As part of a consolidation effort, defendant's Richfield Springs plant was closed in 1979 and its operations were transferred to defendant's facility in the Town of Sangerfield, Oneida County, some 45 miles away. Plaintiff, who had begun working at the Sangerfield facility when the relocation occurred, continued to do so until February 1980, when defendant announced a pay raise which plaintiff found inadequate to compensate him for the extra distance that he had to travel to Sangerfield. He thereupon announced that he was quitting and gave two weeks' notice. As plaintiff, a group leader, was considered to be a valuable employee, the superintendent and plant manager, in the course of efforts to induce him to remain, told plaintiff that he would be promoted to assistant superintendent and given additional pay and benefits if he did

not leave the company. Assertedly, plaintiff, who admittedly had no other job opportunities at the time, was still not ready to stay because job security was lacking. Plaintiff alleges that at this point he was assured that he could not be fired without warning and without good reason because he was "covered by the manual". He was given a copy of the 1979 employee manual to take home to review, and the next day he withdrew his resignation and accepted the position of assistant superintendent.

Thereafter, on two occasions, in 1985 and 1986, plaintiff signed certification forms agreeing to be bound by revised versions of the employee manual; the 1979 manual states that it "may be amended by [defendant] from time to time as [the employees'] job security and business conditions justify". In June 1986, a new plant manager was appointed to the Sangerfield facility. Problems arose between plaintiff and the new manager, and on August 26, 1988 plaintiff was fired. The separation notice lists the reasons for his dismissal as "[i]nability to work within company guidelines, causing disruption, of poor production, poor quality, and poor moral [sic]". It is undisputed that plaintiff received no written warnings prior to his dismissal.

Plaintiff commenced this action charging that, by terminating him without just cause and without following the procedures outlined in the employee manual, defendant breached an alleged implied contract of employment. After issue was joined defendant moved for summary judgment claiming that plaintiff was an employee at will and hence defendant had an absolute right to terminate him. Although Supreme Court denied the motion, its rationale for doing so is unknown as it did not issue a written decision or furnish an oral explanation on the record. Defendant appeals, and we reverse.

In New York, it is axiomatic that if an employment contract does not specify the length of employment, "an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Sabetay v Sterling Drug,* 69 NY2d 329, 333). An employee can rebut this presumption by establishing that the employee "was made aware of a written policy of limitation on the employer's right to discharge at the time the employment commenced and, in accepting the employment, the [employee] relied on the termination only for cause limitation" (*Novinger v Eden Park Health Servs.,* 167 AD2d 590, 591, *lv denied* 77 NY2d 810; *see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 465-466). The requirements for such an implied contract of employment have been strictly con-

strued, and the successful plaintiff must sustain an "explicit and difficult pleading burden" *(Sabetay v Sterling Drug, supra,* at 334-335).

Plaintiff asserts that defendant's oral assurance that he would be covered by the manual, coupled with the written policy set forth therein, constituted an implied contract of employment on which he relied when he withdrew his resignation. Notably, for a manual or other written policy to meet the requirements of *Weiner v McGraw-Hill, Inc. (supra),* it must contain an express limitation on the employer's right to terminate at will *(see, Novinger v Eden Park Health Servs., supra,* at 591; *Marvin v Kent Nursing Home,* 153 AD2d 553, 554). Defendant's 1979 manual does not contain any such limitation. Moreover, the "progressive discipline" system outlined therein does not necessarily incorporate such a limitation, as argued by plaintiff *(see, Novinger v Eden Park Health Servs., supra,* at 591). To the contrary, defendant's manual states that the company will *"generally* apply the following disciplinary steps" (emphasis supplied). Additionally, the rules of conduct are prefaced by a statement that they "do not include every type of conduct which is expected of you", leaving open the possibility that other actions may result in discipline or dismissal.

Moreover, the amended manual issued in 1986 includes an express statement that the company retains the right to "terminate your employment at any time, with or without cause or notice". Although plaintiff contends that because of the implied employment contract it was not permissible for defendant to unilaterally modify the manual's terms, plaintiff's signature on the certification forms clearly represents his consent to the modifications.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.