■ ELLEN SKELLY, Appellant, v VISITING NURSE ASSOCIA-TION OF THE CAPITAL REGION, INC., et al., Respondents. [619 NYS2d 879] —Casey, J. Appeal from an order of the Supreme Court (Spain, J.), entered April 15, 1994 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the amended complaint.

Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party (*Sabetay v Sterling Drug,* 69 NY2d 329, 333; *Martin v New York Life Ins. Co.,* 148 NY 117, 121). An exception to this general rule was carved out by *Weiner v McGraw-Hill, Inc.* (57 NY2d 458), which recognized that the presumption of at-will employment can be rebutted by evidence of a limitation by express agreement on the employer's unfettered right to terminate at will. Refusing to expand the *Weiner* holding into the implied contract category, the Court of Appeals has noted that post-*Weiner* plaintiffs alleging wrongful discharge have not fared well because of the explicit and difficult pleading burden imposed by *Weiner* (*Sabetay v Sterling Drug, supra,* at 334-335, 337). At issue on this appeal is whether plaintiff, who was hired without any fixed period of employment, submitted sufficient evidence of an express limitation on her employer's rights in an at-will employment to meet her burden as the opponent of a motion for summary judgment to dismiss her wrongful discharge cause of action.

While employed in a supervisory capacity by Albany Medical Center, plaintiff was recruited for the position of Director of Patient Services by Visiting Nurse Association (hereinafter VNA), the predecessor of defendant Visiting Nurse Association of the Capital Region, Inc. During an interview with the Executive Director of VNA, plaintiff expressed concern about job security and was informed by the Executive Director that VNA's personnel manual created a six-month probationary period and that after completion of the six-month period plaintiff would become a permanent employee who could be fired for cause only. The written offer of employment from the Executive Director was accompanied by VNA's personnel manual and a procedure manual then in effect.

The personnel manual created a six-month "trial period" during which the employment relationship could be terminated by either party "without prejudice". Upon the successful completion of the "trial period", the employee was entitled to written confirmation of "full-time or part-time employ-

ment". The manual included a section entitled "Termination", with a subheading of "Dismissal" which provided that dismissal for unsatisfactory job performance must be preceded by certain procedures. The subheading also contained a provision which referred to dismissal for "illegal activities", but no other ground for dismissal was mentioned. The procedure manual contained a policy statement concerning disciplinary action and listed a five-step procedure. The fifth step provides that dismissal will be invoked only when all other problem-solving and disciplinary steps have failed.

Plaintiff alleges that she left her former employment and accepted the position with VNA in reliance upon what she viewed as an express limitation on VNA's authority to fire her at will. She served her six-month "trial period" and received written confirmation of her status as a "full-time employee". Some four years later, VNA terminated plaintiff's employment without following any of the procedures contained in the personnel manual and the procedure manual given to plaintiff when she was offered the position.

In support of their motion for summary judgment to dismiss plaintiff's wrongful discharge cause of action, defendants contend that the personnel manual given to plaintiff when she was hired and subsequent manuals in effect during her employment did not contain a specific provision which limited VNA's authority to fire plaintiff for just cause only. When the grounds for termination listed in a manual are not exhaustive and the manual neither provides that the procedures will be followed in all cases nor contains an express assurance that termination will be for cause only, the discharged employee has no cause of action for wrongful discharge *(see, Novinger v Eden Park Health Servs.,* 167 AD2d 590, 591, *lv denied* 77 NY2d 810). Also insufficient to state a cause of action are allegations of oral assurances that the employee could not be fired without cause because he was "covered by the manual", where the manual provides only that the employer will " '*generally* apply' " certain disciplinary steps, but does not contain an exhaustive list of grounds for discipline and a subsequent amended manual, to which the employee consented, provides for termination of employment at any time with or without cause *(Preston v Champion Home Bldrs.,* 187 AD2d 795, 797 [emphasis in original]). Oral assurances made during the course of employment are also insufficient *(see, Manning v Norton Co.,* 189 AD2d 971, 972; *Diskin v Consolidated Edison Co.,* 135 AD2d 775, 777, *lv denied* 72 NY2d 802). Nor are oral assurances with only general provisions in the

employee manual sufficient *(see, Paolucci v Adult Retardates Ctr.,* 182 AD2d 681).

In *Dicocco v Capital Area Community Health Plan* (135 AD2d 308), however, this Court found a triable issue of fact where the discharged employee was given oral assurances of termination for cause only, the employer required a probationary period of employment, and the personnel manual reserved the right to terminate employees for just cause with three listed exceptions to the just cause requirement, but there was no provision for termination without cause. In so holding, this Court noted *(supra,* at 310-311) that the *Weiner* Court had instructed that the focus was not on any single factor, but on the totality of all the circumstances. The relevant inquiry must concentrate on the parties' course of conduct, including their writings and their antecedent negotiations *(Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 466, *supra).*

Considering the totality of the circumstances in this case, we are of the view that defendants are not entitled to summary judgment dismissing plaintiff's wrongful discharge cause of action. In particular, we conclude that the oral assurances made by VNA's Executive Director during the parties' antecedent negotiations, together with the written personnel and procedure manuals provided to plaintiff with the offer of employment, raise a question of fact as to whether VNA limited by express agreement its authority to terminate plaintiff's employment at will. The oral assurances made by VNA's Executive Director were apparently within the scope of her authority and were not inconsistent with any specific provision of the written material provided to plaintiff with the offer of employment. The personnel manual establishes a probationary period, which indicates a change in the employment relationship upon the successful completion of the period. The personnel manual also contains a specific provision for dismissal which refers only to unsatisfactory job performance and illegal activities as grounds for dismissal. There is no reference to termination without cause. The procedure manual, which accompanied the personnel manual, set forth a five-step disciplinary process which concluded in the fifth step with the provision that dismissal will be invoked only when all other problem-solving and disciplinary steps have failed. Again, there is no provision for dismissal or termination without cause. In these circumstances, which are similar to those in *Dicocco v Capital Area Community Health Plan (supra),* we conclude that Supreme Court erred in granting

summary judgment to defendants on plaintiff's wrongful discharge cause of action.

We reach a contrary conclusion as to plaintiff's libel cause of action. Plaintiff's failure to allege the particular defamatory words, as required by CPLR 3016 (a), rendered her complaint insufficient *(see, Conley v Gravitt,* 133 AD2d 966). Supreme Court therefore correctly dismissed the libel cause of action.

Cardona, P. J., White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion regarding plaintiff's wrongful discharge cause of action; motion denied regarding said cause of action; and, as so modified, affirmed.