OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 At issue on this appeal is whether a discharged employee’s CPLR article 78 petition, claiming wrongful termination for failure to comply with procedures set out in an employee manual, was correctly dismissed. We conclude, as did the Appellate Division, that it was.
 

 In 1972, petitioner, Dr. Pasquale De Petris, joined the James Weldon Johnson Counseling Center, a provider of outpatient mental health services in East Harlem, as a staff psychologist. He continued to hold that position when in 1982 respondent, Union Settlement Association, a private nonprofit corporation, assumed responsibility for the Center. Petitioner was made assistant administrative director of the Center in 1986 and two years later became its administrative director.
 

 Among petitioner’s duties as administrative director was overseeing the Center’s finances which, beginning in 1990, became a source of friction between petitioner and respondent. According to respondent, the Center under petitioner’s direction operated at a deficit and the overspending continued. Between December 1991 and April 1992, respondent’s executive director, Eugene Sklar, and its associate executive director, Gina Rusch, several times in writing and in meetings expressed concern to petitioner regarding his oversight of the Center’s finances. In response to these communications, petitioner proposed various measures for reducing expenditures and increasing revenues but on April 2, 1992 Rusch wrote him that she saw no indication that corrective measures were actually being implemented.
 

 At a meeting on April 14, 1992, respondent’s Board of Directors discussed the Center’s financial straits and when
 
 *409
 
 petitioner thereafter failed to act to remedy the situation, on April 20 respondent terminated his employment effective that day. The next day, petitioner wrote Rusch that the termination letter did not comply with respondent’s personnel manual in that it gave no reason for the firing and afforded none of the warnings that must precede termination, and he threatened legal action. Sklar offered to meet with petitioner to discuss the matter but petitioner insisted on written reasons for his termination, which Sklar did not provide.
 

 The procedures to which petitioner referred were set forth in a "Personnel Policies and Practices Manual” first distributed by respondent to its employees in 1978. The stated purpose of the Manual was "to acquaint each employee with the personnel policies and practices of the Settlement so that you may know what to realistically expect.” The Manual set out respondent’s hiring practices, including that each employee at the time of hiring would receive a letter of employment specifying salary, work hours, duties, supervision and any special conditions of employment. Petitioner never received such a letter and has no written employment contract with respondent.
 

 As explained in the introductory section of the Manual:
 

 "We fully expect that the provisions and information in this Manual will change from time to time due to revision and/or change of policy of Union Settlement or changes which are mandated by legislation. It may not be possible at times to inform staff of such changes, however, every effort will be made to keep the Manual current. At all times, precedence will be given to the most current information over that which may be in the Manual and out of date.”
 

 Respondent claims it stopped distributing the Manual in December 1991 and told employees, including petitioner, that the handbook was being revised.
 

 In asserting his claim, petitioner pointed particularly to a section of the Manual entitled "Termination of Employment,” which provided that "[e]mployees may be discharged for just cause” and would be "informed in writing of the problems in job performance and given a period of time to improve. * * * Upon completion of this period, the employee shall be notified whether he passed or failed the trial, and if failed, the reason thereof.” Employees dismissed for gross misconduct, according
 
 *410
 
 to the Manual, could be terminated immediately but would then be entitled to a hearing.
 

 Petitioner brought an article 78 proceeding seeking reinstatement and back pay, charging that respondent acted arbitrarily and capriciously by failing to follow its stated procedures for terminating his employment. The trial court held that article 78 relief was available in a proceeding brought against a private corporation for violation of its internal rules but dismissed the petition on the ground that mere existence of the Manual did not limit the employer’s right to terminate an at-will employee and that petitioner had failed to establish the elements necessary to bind his employer. The Appellate Division affirmed, concluding that article 78 was the appropriate vehicle to challenge respondent’s actions but that there was "no indication that the manual procedure has been violated.” (209 AD2d 180, 181.) We now affirm the Appellate Division order, but on different grounds.
 

 Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party
 
 (Sabetay v Sterling Drug,
 
 69 NY2d 329, 333). This State neither recognizes a tort of wrongful discharge nor requires good faith in an at-will employment relationship
 
 (Murphy v American Home Prods. Corp.,
 
 58 NY2d 293, 297;
 
 Ingle v Glamore Motor Sales,
 
 73 NY2d 183, 188). An employee may recover, however, by establishing that the employer made the employee aware of its express written policy limiting its right of discharge and that the employee detrimentally relied on that policy in accepting the employment
 
 (see, Weiner v McGraw-Hill, Inc.,
 
 57 NY2d 458, 465-466). Where these elements are proved, the employee in effect has a contract claim against the employer.
 

 Mere existence of a written policy, without the additional elements identified in
 
 Weiner,
 
 does not limit an employer’s right to discharge an at-will employee or give rise to a legally enforceable claim by the employee against the employer.
 

 Petitioner, indisputably an at-will employee, openly acknowledges that he cannot prove the
 
 Weiner
 
 elements. He was already employed by the Center when respondent assumed responsibility and offers no evidence of detrimental reliance on the Manual. He cannot point to any provision limiting respondent’s right to terminate his at-will employment or obligating it to follow the personnel procedures
 
 (see, e.g., Manning v Norton Co.,
 
 189 AD2d 971;
 
 Patrowich v Chemical
 
 
 *411
 

 Bank,
 
 98 AD2d 318, 322-323). Indeed, respondent expressly reserved the right to revise the Manual and, at the time of petitioner’s discharge, was in the process of updating it.
 

 Petitioner claims, however, that the
 
 Weiner
 
 elements are inapposite to an article 78 proceeding which alleges solely a failure to abide by the stated procedure for termination and not any breach of substantive rights. Petitioner is in error both as to the nature of his claim and as to the law.
 

 Though he seeks to distance himself from
 
 Weiner
 
 and its progeny, and thereby avoid the well-established requirements for stating a wrongful discharge cause of action, petitioner’s claim at bottom echoes the claims of unsuccessful plaintiffs in those cases: that an employer’s right to terminate his at-will employment is curtailed by the existence of provisions contained in an employee handbook. Whether provisions relating to just cause or provisions relating to termination procedures, the essential question — the employer’s limitation of its right to discharge an at-will employee — can be no different. Nor does the procedural vehicle chosen for pursuit of that claim determine substantively what the proof must show. The elements of a cause of action against a private corporation based on violation of an employee manual must remain the same whether the claim is portrayed as one for breach of contract or as one technically under article 78 alleging arbitrary and capricious conduct in circumstances where an employee can establish a legal right to rely on provisions of the employee handbook.
 
 *
 

 Though no decision of this Court stands as precedent for petitioner’s claim, he points to a body of "university” cases as analogous and authoritative. Petitioner relies both on cases where this Court has considered article 78 petitions brought by students challenging private universities’ disciplinary actions
 
 (see, e.g., Tedeschi v Wagner Coll.,
 
 49 NY2d 652;
 
 Matter of Carr v St. John’s Univ.,
 
 17 AD2d 632,
 
 affd
 
 12 NY2d 802;
 
 People ex rel. Cecil v Bellevue Hosp. Med. Coll.,
 
 60 Hun 107,
 
 affd
 
 128 NY 621), and on Appellate Division decisions granting article 78 relief to academics challenging their employers’
 
 *412
 
 failure to follow personnel rules
 
 (see, e.g., Gray v Canisius Coll.,
 
 76 AD2d 30).
 

 Whether resting on implied contract with students or faculty, or on the law of voluntary associations, or on other grounds, cases involving educational institutions are distinguishable from the corporate at-will employment question presented by this appeal. "Consistent with the policy of ensuring that academic credentials truly reflect the knowledge and skills of the bearer, the courts have indicated that they will intervene if an institution exercises its discretion in an arbitrary or irrational fashion.”
 
 (Olsson v Board of Higher Educ.,
 
 49 NY2d 408, 413-414.) Clearly, these cases do not support the proposition that the technical availability of article 78 could circumvent the well-settled law of this State that the existence of a private employer’s written policy does not, in and of itself, limit the right to discharge an at-will employee.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs.
 

 *
 

 Neither the present case nor
 
 Matter of Hanchard v Facilities Dev. Corp.
 
 (85 NY2d 638), where the employer conceded that its right of discharge was limited by the employee manual, calls upon us to delineate the bounds of article 78 relief against private corporations. Though narrowly available here, article 78 is generally not a means for seeking private relief against private corporations.