■ In the Matter of EDWARD J. GROGAN et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF EAST HAMPTON, Respondent. [633 NYS2d 809] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Zoning Board of Appeals of the Town of East Hampton dated November 23, 1993, as required the petitioners to grant a scenic-and-conservation easement to the Town of East

Hampton as a condition of approving the construction of an addition to their home, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Stark, J.), entered July 27, 1994, which denied the petition.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioners' contention, the respondent's imposition of a scenic-and-conservation easement, which bars development on part of the petitioners' property but does not grant public access thereto, is not arbitrary and capricious, nor is it an unconstitutional taking of a portion of the petitioners' property. Rather, the record demonstrates that there is an essential nexus between the easement and the legitimate governmental interest of protecting wetlands and environmentally significant areas. Indeed, the imposition of the easement substantially advances this legitimate governmental interest, which is one of the primary goals of the variance and permit provisions of the East Hampton Code (see generally, Rent Stabilization Assn. v Higgins, 83 NY2d 156, cert denied — US —, 114 S Ct 2693; cf., Nollan v California Coastal Commn., 483 US 825; Manocherian v Lenox Hill Hosp., 84 NY2d 385, cert denied — US —, 115 S Ct 1961; Seawall Assocs. v City of New York, 74 NY2d 92, cert denied sub nom. Wilkerson v Seawall Assocs., 493 US 976).

The respondent has sustained its burden of demonstrating a rough proportionality between the easement and the projected environmental impacts of the petitioners' construction proposal (see generally, Dolan v City of Tigard, 512 US —, 114 S Ct 2309). The respondent's determination, as well as, inter alia, the environmental assessment form prepared by the Town of East Hampton Planning Department, discusses the specific environmental impacts of the proposed construction and the best manner by which to ameliorate them. Upon reviewing the evidence, we are satisfied that the respondent has rendered a valid, individualized determination that the easement is an appropriate measure to address the specific environmental impacts of the petitioners' proposal. Moreover, the easement permissibly supplements and augments the respondent's ability, under other applicable legislation, to ensure preservation of the area in question.

We find unpersuasive the petitioners' contention that the respondent's affidavit in opposition to the petition should be disregarded. The affidavit was a proper and necessary response to the petition, and it did not inject any new or different evidence into the proceeding.

The petitioners contend that the determination should be

annulled because the respondent has not imposed the same condition on several other similarly situated homeowners. This contention is improperly advanced for the first time on appeal *(see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757) and is premised on material that is dehors the record; hence, we do not consider it. Likewise, the materials appended to the petitioners' appellate brief are outside the record and have not been considered on this appeal. Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.