■ SUSAN KELLEY, Respondent, v NEW YORK STATE MARTIN LUTHER KING, JR., COMMISSION AND INSTITUTE FOR NONVIOLENCE et al., Appellants. [644 NYS2d 862] —Crew III, J. Appeal from an order of the Supreme Court (Kahn, J.), entered January 31, 1995 in Albany County, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff was hired as a secretary with defendant New York State Martin Luther King, Jr. Commission and Institute for Nonviolence (hereinafter the King Institute) in October 1992. Following her termination from that position in September 1993, plaintiff commenced a proceeding pursuant to CPLR article 78 against the King Institute, its executive director and her supervisor challenging her dismissal and seeking reinstatement to her position. Defendants twice unsuccessfully moved

to dismiss the petition, ultimately interposing an answer in September 1994. Although not entirely clear from the record, it appears that defendants thereafter moved for summary judgment dismissing the complaint. Supreme Court, *inter alia*, reasoning that CPLR article 78 relief was not available to plaintiff, converted the proceeding to a civil action and denied defendants' motion, finding that a question of fact existed as to whether plaintiff was an at-will employee. This appeal by defendants followed.*

It is well settled that "[a]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410; *see, Brooks v Key Pharms.*, 183 AD2d 1011, 1012). An employee may rebut this presumption, however, "by establishing that the employer made the employee aware of its express written policy limiting its right of discharge *and* that the employee detrimentally relied on that policy in accepting the employment" (*Matter of De Petris v Union Settlement Assn.*, *supra*, at 410 [emphasis supplied]; *see, Preston v Champion Home Bldrs.*, 187 AD2d 795, 796).

Initially, inasmuch as the King Institute is a public benefit corporation (*see*, Executive Law § 322), Supreme Court erred in converting plaintiff's CPLR article 78 proceeding to a civil action (*see*, CPLR 7802 [a]). This issue need not detain us, however, for plaintiff's burden remains the same regardless of the procedural vehicle chosen (*see, Matter of De Petris v Union Settlement Assn.*, *supra*, at 410-411).

Turning to the merits, we note that plaintiff's hiring letter, although making reference to a probationary period and reciting an annual salary rate, does not specify the length of employment, nor does it include any provision expressly limiting defendants' right to discharge. In this regard, the record contains a one-page excerpt from the King Institute's personnel handbook, which indicates that the King Institute adheres to the employment at-will doctrine and, therefore, that "employment may be ended by the employee or the employer at any time with or without notice and with or without cause". That same excerpt also provides, however, that "[a]ll involuntary severance[s] must be reviewed using [certain enumerated criteria]" and that continued employment is "dependent upon a number of factors including the needs of the King Institute, satisfactory job performance, and the wishes of the employee where applicable".

---

* Inasmuch as it has not been demonstrated to this Court's satisfaction that the instant appeal is indeed moot, we will address the merits.

Assuming, without deciding, that the foregoing documents are sufficient to demonstrate the existence of an express written policy limiting defendants' right to discharge, or that the record as a whole raises a question of fact in this regard, plaintiff has not alleged (and indeed there is nothing in the record to indicate) that she was aware of this "policy" prior to being hired by defendants and, further, that she relied upon this purported policy in accepting that employment. Such defects are fatal to plaintiff's claim. Plaintiff's contention that defendants violated various provisions of the personnel manual in terminating her from her position is similarly unavailing, as that claim is grounded in the assertion that defendants' right to discharge was in fact limited (*see, Matter of De Petris v Union Settlement Assn., supra*, at 411). Although the material appended to plaintiff's brief are dehors the record and form no basis for our determination (*see, Matter of Grogan v Zoning Bd. of Appeals*, 221 AD2d 441), their consideration would not lead to a contrary result in any event.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed.

