THIRD DEPARTMENT, NOVEMBER, 1996

(November 7, 1996)

■ ELEANOR FIELDHOUSE, Appellant, v STAMFORD HOSPITAL SOCIETY, INC., Doing Business as STAMFORD COMMUNITY HOSPITAL/SKILLED NURSING FACILITY, et al., Respondents. [649 NYS2d 527] —Cardona, P. J. Appeal from an order of the Supreme Court (Mugglin, J.), entered March 15, 1995 in Delaware County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a licensed registered nurse, commenced a part-time, hourly wage position as a Utilization Review Coordinator with Stamford Community Hospital/Skilled Nursing Facility (hereinafter the hospital) in September 1977. Plaintiff was promoted to a full-time salaried position with the hospital in 1984. After plaintiff received her license as a Home Administrator in July 1987, she was appointed as the Nursing Home Administrator of the hospital's Skilled Nursing Facility. On May 8, 1989 plaintiff was, for disputed reasons, terminated from her employment by defendant Erica Anderson, the hospital's Corporate Executive Officer.

Plaintiff, who had no written contract of employment with

the hospital, commenced this action alleging that she was wrongfully and arbitrarily discharged without just cause or prior notice and in violation of the policies and procedures guidelines which the hospital had committed itself to implement. Following joinder of issue, defendants moved for summary judgment arguing that the complaint failed to state a cause of action. Supreme Court granted the motion and this appeal by plaintiff followed.

We affirm. It is well settled that, "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Sabetay v Sterling Drug*, 69 NY2d 329, 333). This presumption can be rebutted by proof establishing that the employee was made aware of a written policy expressly limiting the employer's right of termination and that the employee detrimentally relied on that policy in accepting the employment (*see, Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410; *Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 465-466; *Novinger v Eden Park Health Servs.*, 167 AD2d 590, 591, *lv denied* 77 NY2d 810). Notably, "[t]he requirements for such an implied contract of employment have been strictly construed, and the successful plaintiff must sustain an 'explicit and difficult pleading burden' " (*Preston v Champion Home Bldrs.*, 187 AD2d 795, 796-797, quoting *Sabetay v Sterling Drug*, *supra*, at 334-335).

Here, plaintiff maintains that defendants violated the tenets of its own employee manual by terminating her without cause and without going through the progressive four-step disciplinary procedure contained therein. Defendants point out, however, that the revised employee manual in effect at the time of plaintiff's termination specifically states that the disciplinary procedure provision was applicable only to *hourly* employees. Plaintiff argues in response that the terms of her employment should be governed by the employee manual as it existed at the time her employment commenced when it indicated that all employees would be entitled to the disciplinary procedure.

Regardless of the merit of these opposing contentions, we must note that even if the disciplinary procedure cited by plaintiff was applicable to her as a managerial salaried employee, the manual nonetheless gives the employer the option of terminating an employee immediately and "there is no express assurance in the manual that termination will be for cause only" (*Novinger v Eden Park Health Servs.*, 167 AD2d 590, 591, *supra*; *see, Preston v Champion Home Bldrs.*, 187

AD2d 795, 797, *supra*). Moreover, the fact that plaintiff alleges that she was given oral assurances that the employee manual would apply to her and that her employment was secure does not raise a triable question of fact in this matter (*see, Skelly v Visiting Nurse Assn.*, 210 AD2d 683, 684-685; *Preston v Champion Home Bldrs., supra*, at 797). Thus, defendants' motion for summary judgment was properly granted.

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.