CAROL FERRING, Appellant-Respondent, v MERRILL LYNCH & Co., INC., et al., Respondents-Appellants. [664 NYS2d 279] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered April 8, 1997, which granted defendants' motion for partial summary judgment to the extent of dismissing the fourth cause of action for breach of an employee handbook policy and denied the motion insofar as directed to the third cause of action for discriminatory termination, unanimously affirmed, without costs.

The fourth cause of action, alleging wrongful termination in violation of an employee handbook policy, was properly dismissed. "Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410). While "[a]n employee may recover, however, by establishing that the employer made the employee aware of its express written policy limiting its right of discharge and that the employee detrimentally relied on that policy in accepting the employment" (*supra,* at 410), plaintiff has not satisfied the narrow exception to the at-will employment doctrine enunciated in *Weiner v McGraw-Hill, Inc.* (57 NY2d 458). The two manuals upon which she relies do not limit defendants' right of discharge and, in any event, it is undisputed that she was not supplied with these guidelines prior to securing a job with defendant. Therefore, there was no detrimental reliance on the subject policy in accepting the employment (*Matter of De Petris v Union Settlement Assn., supra,* at 410; *see also, Weiner v McGraw-Hill, Inc., supra*).

The court properly refused to dismiss the third cause of action alleging disability discrimination. The purportedly inconsistent position that plaintiff took before the Social Security Administration in applying for disability benefits was not asserted against defendant and did not involve the same standard as the one at issue herein (*see, Mohamed v Marriott Intl.,* 944 F Supp 277; *American Motorists Ins. Co. v O'Brien-Kreitzberg & Assocs.,* 234 AD2d 30). Moreover, plaintiff's appearance before the Social Security Administration, which did not entail a hearing, did not constitute the type of prior legal proceeding that can form the basis for the application of judicial

estoppel. Concur—Rosenberger, J. P., Nardelli, Andrias and Colabella, JJ.