■ ROBERT FITZGERALD, Appellant, v MARTIN-MARIETTA, Respondent. [681 NYS2d 895] —Mercure, J. Appeal from an order of the Supreme Court (Williams, J.), entered December 30, 1997 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1977, plaintiff was employed as an hourly utility worker at Knolls Atomic Power Laboratory, a research facility in the Town of Milton, Saratoga County, which was at that time operated by General Electric Company pursuant to a contract with the Federal government. In 1986, plaintiff was offered a nonunion salaried position at Knolls as a maintenance specialist. Although plaintiff was initially reluctant to accept the new position due to his fear of losing the security afforded by the collective bargaining agreement covering his existing position, he was assured by his superiors that he would be treated fairly,

in accordance with the policies set forth in General Electric's Employee Relations Management Practices manual (hereinafter the manual). Relying on those verbal assurances and the contents of the manual, plaintiff ultimately accepted the new position. In 1993, plaintiff was terminated from his employment by defendant, General Electric's successor in interest. He then commenced this action alleging that his termination constituted a breach of an employment contract based on the terms of the manual and the verbal assurances of his superiors. Following joinder of issue,.defendant moved for summary judgment. Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals.

We affirm. It is well settled that "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Sabetay v Sterling Drug*, 69 NY2d 329, 333). Although the presumption can be rebutted by evidence that plaintiff was made aware of a written policy expressly limiting defendant's right of termination and that plaintiff detrimentally relied on that policy in accepting the employment (*see, Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410; *Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 465-466; *Novinger v Eden Park Health Servs.*, 167 AD2d 590, 591, *lv denied* 77 NY2d 810), the present record supports no such exception. First, the manual does not in any way expressly limit defendant's absolute right to terminate plaintiff's at-will employment (*see, Novinger v Eden Park Health Servs.*, *supra*, at 591; *see also, Weintraub v Phillips, Nizer, Benjamin, Krim, & Ballon*, 172 AD2d 254). Notably, " 'there is no express assurance in the manual that termination will be for cause only' " (*Fieldhouse v Stamford Hosp. Socy.*, 233 AD2d 540, 541, quoting *Novinger v Eden Park Health Servs.*, *supra*, at 591; *see, Pearce v Clinton Community Coll.*, 246 AD2d 775; *Manning v Norton Co.*, 189 AD2d 971, 971-972); rather, it promises nothing more than fair, equal and consistent disciplinary action. Although commendable, such generalized language will not give rise to an implied employment contract (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304). Further, the oral assurances alleged by plaintiff cannot of themselves give rise to a triable question of fact (*see, Fieldhouse v Stamford Hosp. Socy.*, *supra*, at 542; *Skelly v Visiting Nurse Assn.*, 210 AD2d 683, 684; *Diskin v Consolidated Edison Co.*, 135 AD2d 775, 777, *lv denied* 72 NY2d 802).

Plaintiff has also failed to establish the requisite detrimental reliance (*see, Matter of De Petris v Union Settlement Assn.*,

*supra*, at 410; *Weiner v McGraw-Hill, Inc., supra*, at 465). It is established law that a promotion from one position to another within the same company will not support a finding of inducement (*see, Matter of De Petris v Union Settlement Assn., supra*, at 410; *D'Avino v Trachtenburg*, 149 AD2d 401, 402, *lv denied* 74 NY2d 611; *Diskin v Consolidated Edison Co., supra*, at 777). In addition, while plaintiff claims to have forsaken several employment opportunities in favor of the subject position, plaintiff has presented nothing more than his own subjective impressions to support the conclusion that genuine employment opportunities existed and were presented to and rejected by him (*see, DiCocco v Capital Area Community Health Plan*, 159 AD2d 119, 122, *lv denied* 77 NY2d 802).

Under the circumstances, we conclude that Supreme Court did not err in granting summary judgment in favor of defendant.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.