■ Marilyn Cronce et al., Respondents, v Steuben Foods, Inc., Appellant. [761 NYS2d 759] —Appeal from an order of Supreme Court, Erie County (Makowski, J.), entered May 2, 2002, which denied defendant's motion seeking dismissal of the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed.

Memorandum: Supreme Court erred in denying defendant's motion seeking dismissal of the amended complaint for, inter alia, failure to state a cause of action (*see* CPLR 3211 [a] [7]). Plaintiffs, former employees of defendant, allege that they were terminated without regard to seniority in violation of certain provisions in defendant's employee manual. Contrary to the court's determination, those provisions do not constitute an express written limitation on defendant's right to discharge plaintiffs at will. Critically, the employee manual warns that

"there are no guarantees that [the seniority policy will be followed] in each and every layoff situation" and refers to the seniority policy as merely an "objective anytime a layoff occurs." Because these provisions provide no assurance that layoffs will be based on seniority only (*see Fieldhouse v Stamford Hosp. Socy.*, 233 AD2d 540, 541 [1996]), they cannot serve as the basis for a "binding employment agreement[ ]" (*Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 317 [2001]; *see Manning v Norton Co.*, 189 AD2d 971, 972 [1993]; *Brown v General Elec. Co.*, 144 AD2d 746, 748 [1988]).

In any event, the "[m]ere existence of a written policy, without the additional elements identified in *Weiner [v Mc-Graw-Hill, Inc.*, 57 NY2d 458 (1982)], does not limit an employer's right to discharge an at-will employee or give rise to a legally enforceable claim by the employee against the employer" (*Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410 [1995]). Even assuming, arguendo, that the employee manual created an express limitation on defendant's right of discharge, we conclude that the amended complaint fails to allege "the type of detrimental reliance required by *Weiner*" (*Manning*, 189 AD2d at 972; *see Ferring v Merrill Lynch & Co.*, 244 AD2d 204 [1997]). Plaintiffs thus failed to sustain their " 'explicit and difficult pleading burden' " necessary to overcome the at-will employment presumption (*Matter of LaDuke v Hepburn Med. Ctr.*, 239 AD2d 750, 753 [1997], *lv denied* 91 NY2d 802 [1997], quoting *Sabetay v Sterling Drug*, 69 NY2d 329, 334-335 [1987]; *see Fieldhouse*, 233 AD2d at 541). Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Lawton, JJ.