In the Matter of PAUL SMITH et al., Appellants, v TOWN OF MENDON et al., Respondents. [771 NYS2d 781]—

Appeal from a judgment (denominated judgment and order) of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered February 20, 2003 in a combined CPLR article 78 proceeding/declaratory judgment action. The judgment, inter alia, dismissed those parts of the petition seeking review of the determination of respondent-defendant Planning Board of the Town of Mendon conditionally approving petitioners' site plan application.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners-plaintiffs (petitioners) commenced this combined CPLR article 78 proceeding/declaratory judgment action pursuant to Town Law § 282 seeking review of the determination of respondent-defendant Planning Board of the Town of Mendon (Board) approving their site plan application on condition that they place a conservation restriction on those portions of the site that lie within certain Environmental Protection Overlay Districts (EPODs). Supreme Court properly determined for reasons stated in its decision that the conservation restriction was not illegal or arbitrary and capricious and that it in fact constitutes a conservation easement (*see* ECL 49-0303 [1]) or negative easement (*see generally Huggins v Castle Estates*, 36 NY2d 427, 430 [1975]). Although the court erred in determining that the conservation restriction constitutes an "exaction" and thus that the rough-proportionality test of *Dolan v City of Tigard* (512 US 374 [1994]) is applicable, the court nevertheless reached the correct result in determining that the conservation restriction does not constitute a taking for which petitioners are entitled to compensation.

Contrary to petitioners' contention and the determination of the court, an "exaction" in this context refers to "land-use decisions conditioning approval of development on the dedication of property to public use" (*City of Monterey v Del Monte Dunes at Monterey, Ltd.*, 526 US 687, 702 [1999]; *see Twin Lakes Dev. Corp. v Town of Monroe*, 1 NY3d 98 [2003]; *Bonnie Briar Syndicate v Town of Mamaroneck*, 94 NY2d 96, 106-107 [1999], *cert denied* 529 US 1094 [2000]). The court erred in relying on *Matter of Grogan v Zoning Bd. of Appeals of Town of E. Hampton* (221 AD2d 441, 442 [1995], *appeal dismissed* 88 NY2d 919 [1996]) in determining that the conservation restriction herein is an exaction because that case was decided before the United States Supreme Court issued its decision in *Del Monte Dunes*. Because the conservation restriction herein does not exact a public use of petitioners' property, petitioners are entitled to compensation only if the conservation restriction does not bear a reasonable relationship to the Board's objective (*see Del Monte Dunes at Monterey*, 526 US at 701; *Bonnie Briar Syndicate*, 94 NY2d at 108). Here, the conservation restriction bears a reasonable relationship to the Board's objective of protecting the environmentally sensitive EPOD areas within petitioners' property, and thus the court properly determined that there was no taking for which petitioners are entitled to compensation.

Finally, we conclude that the court did not abuse its discretion in awarding respondents-defendants statutory costs pursuant to CPLR 8101 and 8201 (2) (*see Govern & McDowell v Mc-*

*Dowell & Walker*, 75 AD2d 979, 980 [1980]; *see also Matter of Birnbaum v Birnbaum*, 157 AD2d 177, 191-192 [1990]). Present—Pine, J.P., Wisner, Scudder, Kehoe and Hayes, JJ.