■ In the Matter of CHARLES J. LE BRUN, Appellant, v THOMAS P. MAGUIRE, JR., as Adjutant General of the State of New York Division of Military and Naval Affairs, et al., Respondents. [785 NYS2d 563]—

Spain, J.P. Appeal from a judgment of the Supreme Court

(Benza, J.), entered February 5, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Division of Military and Naval Affairs terminating petitioner's employment.

Petitioner is a former employee of respondent Division of Military and Naval Affairs (hereinafter DMNA). He worked at the Suffolk County Air National Guard Base as an airport firefighter from 1984 until 2003, when his employment was terminated without a hearing. Petitioner commenced this proceeding to annul DMNA's determination terminating his employment. Supreme Court dismissed petitioner's application, prompting this appeal by petitioner. We affirm.

As a threshold matter, we reject respondents' argument that the Court of Claims has exclusive jurisdiction over this matter. The gravamen of petitioner's claim is that DMNA's determination terminating his employment without a hearing was arbitrary and capricious. Thus, although he seeks incidental relief under contractual theories, i.e., reinstatement with back pay and benefits, the proceeding is, in essence, a CPLR article 78 proceeding falling within Supreme Court's subject matter jurisdiction (*see Matter of Gross v Perales*, 72 NY2d 231, 236 [1988]; *Harvard Fin. Servs. v State of New York*, 266 AD2d 685, 685-686 [1999]).

Turning to petitioner's arguments on appeal, we find that Supreme Court properly concluded that he was not guaranteed a hearing prior to his termination. Petitioner concedes that upon his promotion in April 1993 to a grade 19, airport firefighter 3, he became classified as Management Confidential (hereinafter M/C) and no longer a union member or entitled to the protections of Civil Service Law § 75.* Petitioner nevertheless argues that he obtained pretermination rights because, when promoted, he received a copy of the "Handbook for Management/Confidential Employees," a state publication produced by the Governor's Office of Employee Relations which provides that an employee involved in a disciplinary action shall have a hearing.

The language of the handbook does not support petitioner's claim. In its introduction, the handbook plainly states that "the term 'employee' is used to refer specifically to M/C employees in the classified service of the Executive Branch of New York State

---

* That statute provides: "A person described in . . . this subdivision shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section" (Civil Service Law § 75 [1]).

government." The "classified service" is a subset of the state's civil service (*see* Civil Service Law §§ 35, 40), and petitioner concedes that, by virtue of his membership in the military service, he is not a member of the state's civil service (*see* Military Law § 19 [3]; Civil Service Law § 2 [5]; *Matter of State of New York v Public Empl. Relations Bd.,* 103 AD2d 876, 877 [1984]). Likewise, petitioner's reliance on the handbook's "Disciplinary Procedure" section, which includes "[e]xempt volunteer firefighters as defined in the General Municipal Law" as a category of M/C employees who "are covered under Section 75 [of the Civil Service Law]," is unavailing inasmuch as nothing in that section purports to alter or extend the definition of "M/C employees" to noncivil service members. Accordingly, petitioner could not reasonably presume that the terms of the handbook relied upon applied to him.

Even if the language in the employee handbook supported petitioner's position, he has not met the "explicit and difficult pleading burden" necessary to rebut the presumption of at-will employment (*Sabetay v Sterling Drug,* 69 NY2d 329, 334-335 [1987]; *see Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 465 [1982]; *Fitzgerald v Martin-Marietta,* 256 AD2d 959, 960 [1998]). Among other things, it was incumbent upon petitioner to demonstrate that he relied to his detriment on his belief that he had pretermination rights when he accepted his employment (*see Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406, 410 [1995]). Here, petitioner cannot claim detrimental reliance based on his decision to move into the M/C position of airport firefighter 3 after 10 years in the positions of airport firefighter 1 and airport firefighter 2 because "a promotion from one position to another within the same company will not support a finding of inducement" under these circumstances (*Fitzgerald v Martin-Marietta, supra* at 960-961; *see D'Avino v Trachtenburg,* 149 AD2d 401, 402 [1989], *lv denied* 74 NY2d 611 [1989]).

Finally, petitioner's reliance on DMNA Regulation 690-1 is unavailing. Indeed, petitioner is charged with knowledge of current regulations (*see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole,* 95 NY2d 267, 270 [2000]; *Matter of ASA Inst. of Bus. & Computer Tech. v McCall,* 281 AD2d 849, 852 [2001]) and no dispute exists that the regulations in effect at the time of petitioner's termination expressly permitted the termination of employments at will without a hearing. Still, petitioner contends that because he was provided with a copy of the now superceded 1993 edition when promoted, which promised certain pretermination rights, DMNA became contractually obligated to afford him those rights. We find no authority for the

proposition that a regulation promulgated by an agency and subject to revision at any time by such agency can create a contractual obligation on the part of an employer. Further, petitioner's assertion that the regulation could not be changed without his consent or any consideration because it interfered with his contractual rights is baseless because, as discussed above, petitioner had no contractual pretermination rights on the facts presented.

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.