■ DONALD WADDELL, Appellant, v BOYCE THOMPSON INSTITUTE FOR PLANT RESEARCH, INC., Respondent. [940 NYS2d 331]—

Peters, J.P.

Plaintiff was hired by defendant as a business office supervisor in March 2008 and was appointed an officer of the corporation by defendant's board of directors in May 2010. At the time of plaintiff's hire and throughout the entirety of his employment, the employee manual in effect provided that all employee relationships, such as plaintiff's, that are not based on a contract for a fixed term "[are] terminable at the will of either the employee or [defendant], at any time, with or without cause." From May 2010 through August 2010, plaintiff became concerned that certain financial documents were not being filed in a timely fashion and repeatedly spoke to Sophia Darling, his immediate supervisor and defendant's chief financial officer, about her need to timely file such documents. By letter dated August 26, 2010, Darling terminated plaintiff's employment with defendant on the ground that he repeatedly engaged in disrespectful and insubordinate conduct towards her in violation of defendant's Code of Conduct.

Plaintiff then commenced this action alleging that defendant breached an implied employment contract by terminating him

in violation of defendant's Whistleblower Policy and that Darling removed him from his position as an officer of defendant in violation of Not-For-Profit Corporation Law § 714. Shortly thereafter, defendant's board of directors passed a resolution removing plaintiff from his position as an officer. Defendant moved to dismiss the complaint for failure to state a cause of action, and plaintiff cross-moved to amend his complaint and to compel discovery. Supreme Court granted defendant's motion and denied plaintiff's cross motion, prompting this appeal.

We affirm. It is well settled that, "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Sabetay v Sterling Drug*, 69 NY2d 329, 333 [1987]; *see Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 316 [2001]; *Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410 [1995]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 300-301 [1983]). This presumption may be rebutted by proof establishing that "the employer made the employee aware of its express written policy limiting its right of discharge and that the employee detrimentally relied on that policy in accepting the employment" (*Matter of De Petris v Union Settlement Assn.*, 86 NY2d at 410; *see Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 465-466 [1982]; *Fitzgerald v Martin-Marietta*, 256 AD2d 959, 960 [1998]; *Novinger v Eden Park Health Servs.*, 167 AD2d 590, 591 [1990], *lv denied* 77 NY2d 810 [1991]). Notably, "[t]he requirements for such an implied contract of employment have been strictly construed, and the successful plaintiff must sustain an 'explicit and difficult pleading burden' " (*Preston v Champion Home Bldrs.*, 187 AD2d 795, 796-797 [1992], quoting *Sabetay v Sterling Drug*, 69 NY2d at 334-335; *see Matter of LaDuke v Hepburn Med. Ctr.*, 239 AD2d 750, 753 [1997], *lv denied* 91 NY2d 802 [1997]).

Here, even accepting as true the facts alleged in the complaint and submissions in opposition to the motion and according plaintiff the benefit of every favorable inference, as we must on a motion to dismiss the complaint (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]; *Berry v Ambulance Serv. of Fulton County, Inc.*, 39 AD3d 1123, 1124 [2007]), we find that plaintiff has failed to state a cause of action for breach of an implied contract. It is undisputed that the Whistleblower Policy* had not been implemented until several months after plaintiff began employment with defendant. As such, Supreme

---

* This policy, implemented by defendant in an effort to ensure "compli-[ance] with the highest standards of financial reporting and lawful and ethical behavior," provides that defendant "will not knowingly, with the intent to

Court correctly found that the essential element of detrimental reliance in accepting employment was lacking (*see Matter of De Petris v Union Settlement Assn.*, 86 NY2d at 410; *Matter of LaDuke v Hepburn Med. Ctr.*, 239 AD2d at 753; *see also Kelley v New York State Martin Luther King, Jr. Commn. & Inst. for Nonviolence*, 229 AD2d 629, 631 [1996]; *Novinger v Eden Park Health Servs.*, 167 AD2d at 592). Further, plaintiff did not allege that he forsook any other employment opportunities in reliance upon defendant's Whistleblower Policy or because of what he believed to be defendant's termination policy. Nor is the quality of plaintiff's service relevant in determining whether the presumption of at-will employment has been overcome (*see Matter of LaDuke v Hepburn Med. Ctr.*, 239 AD2d at 754). Moreover, neither his "special duties and liabilities" as an officer nor his promotion to defendant's management team supports a finding of inducement under these circumstances (*see Matter of Le Brun v Maguire*, 12 AD3d 1007, 1009 [2004]; *Fitzgerald v Martin-Marietta*, 256 AD2d at 960-961; *D'Avino v Trachtenburg*, 149 AD2d 401, 402 [1989], *lv denied* 74 NY2d 611 [1989]). Accordingly, plaintiff's claim for breach of an implied employment contract was properly dismissed.

With respect to his cause of action pursuant to Not-For-Profit Corporation Law § 714, plaintiff alleged that he was improperly removed from his position as an officer since only the board of directors, not Darling alone, had the authority to remove him. However, Darling's termination letter states only that plaintiff's "employment status" was being terminated and makes no mention of his status as an officer. On November 4, 2010, following the commencement of this action, defendant's board of directors removed plaintiff as an officer. Consequently, no controversy remains with respect to any purported improper actions taken by Darling relating to plaintiff's status as an officer, and this cause of action is therefore moot (*see Stuart v Board of Directors of Police Benevolent Assn. of N.Y. State Police*, 74 AD2d 957, 958 [1980]).

Finally, while leave to amend pleadings is generally freely given (*see* CPLR 3025 [b]), denial is appropriate where the proposed amendment is wholly devoid of merit (*see Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 170 [1989]; *Trupia v Lake George Cent. School Dist.*, 62 AD3d 67, 68 [2009], *affd* 14 NY3d 392 [2010]; *Peebles v Peebles*, 40 AD3d 1388, 1390 [2007], *lvs dismissed* 9 NY3d 892, 893 [2007], 10

retaliate, take any action harmful to any person, including interference with lawful employment or livelihood, for reporting a [c]omplaint in good faith pursuant to this policy."

NY3d 893 [2008]). Here, the proposed amended complaint sought to add a cause of action alleging that the board of directors had breached the implied contract of employment established by the Whistleblower Policy when it removed plaintiff from his position as an officer in November 2010. However, since the Whistleblower Policy did not create an implied contract of employment, the proposed amendment was without merit and Supreme Court did not abuse its discretion in denying plaintiff's cross motion (*see Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group*, 77 AD3d 1219, 1222 [2010]; *Trupia v Lake George Cent. School Dist.*, 62 AD3d at 69).

Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.