Scott C. PETERS, Plaintiff,

v.

MCI TELECOMMUNICATIONS
CORP., Defendant.

No. 87 CV 8335 (RJD).

United States District Court,
S.D. New York.

May 18, 1988.

Vladeck, Waldman, Elias & Engelhard, P.C., New York City, for plaintiff.

Morgan, Lewis & Bockius, New York City, for defendant.

## MEMORANDUM ORDER

DARONCO, District Judge.

Plaintiff Scott C. Peters commenced a breach of employment contract action against defendant MCI Telecommunications Corporation ("MCI"), a Delaware corporation authorized to do business in New York, alleging MCI breached the implied covenant of good faith and fair dealing and the implied covenant to terminate only for good cause which, he contends, is applicable to the contract under California law. The plaintiff interposed a second claim for relief alleging defendant acted recklessly, maliciously, and in bad faith in failing to perform the contract. The action is before the Court on the defendant's Motion to Dismiss for failure to state a cause of action under New York law which, the defendant claims, is the applicable law. Fed. R.Civ.P. 12(b)(6).

### Background

According to the Complaint, plaintiff, a Captain in the United States Army, was a project manager in the Army Corps of Engineers Missile Construction Office in California. In September 1986, he began discussions with MCI representatives about possible employment with MCI. In early October 1986, a verbal offer of employment was extended to plaintiff Peters by William Richards, MCI Vice–President of Network Operations. Richards told Peters he would begin as his direct assistant and "could expect long-term employment with significant opportunities for advancement and salary increases," Cmplnt. ¶ 9, and that MCI would pay relocation benefits to move Peters and his wife to New York.

On October 7, 1986, MCI confirmed its verbal offer of employment by means of a letter which offered, *inter alia*, a position as Manager II in the Operations Department with Richards as supervisor and relocation benefits as discussed with Richards. Cmplnt.Exh.A. On October 13, 1986, a second offer letter was sent to Peters confirming that full relocation benefits were included in the offer of employment, and containing the MCI relocation authorization and agreement form. Cmplnt.Exh.B. Both letters advised that:

> "All new employees are hired conditionally, upon the completion of satisfactory reference checks. The first three months of employment (probationary period) allows the new employee the opportunity to demonstrate performance and suitability for the job and for MCI. This period will also determine if the employee's performance, attitude and conduct are acceptable."

In between receipt of the two offer letters, plaintiff, on October 9, 1986, tendered his resignation from the Army, effective December 31, 1986. Peters accepted MCI's offer of employment upon the terms stated in the letters. He sold his residence in California. He and his wife made trips to Connecticut to look for another house and they eventually purchased one. Plaintiff made arrangements to move his personal property to Connecticut.

In mid-November 1986, Richards' requested that plaintiff advance the date of his resignation from the Army, which he did. Approximately one week later, on November 24, 1986, MCI rescinded its promise to employ Peters as a Manager in the Operations Department. Subsequently, plaintiff had discussions with several MCI officials, including Richards, Nate Kantor, President, Northeast Division, and representatives of the Human Resources Department. Plaintiff contends that Richards told him MCI would give him severance pay and compensate him for the relocation expenses. Further, plaintiff claims Kantor agreed to provide him severance compensation but later refused to do so, and instead offered him a different and less suitable position.

Plaintiff asserts two claims for relief: (1) a breach of the implied covenant of good faith and fair dealing and the implied covenant to terminate only for good cause pursuant to California law, which plaintiff contends is the applicable law under choice of law rules; and, (2) a reckless, malicious, and bad faith failure to perform the employment contract with plaintiff. Defendant argues the contract is an at-will employment contract and that New York law, which governs, does not provide for a cause of action for breach of an at-will employment contract.

## Discussion

**Choice of Law.** A Federal Court sitting in diversity applies the choice of law rules of the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). New York Courts apply the law of the jurisdiction having the greatest interest in the litigation. The facts and contacts which are significant in defining the State interest are those which relate to the purpose of the particular law in conflict. *Hutner v. Greene*, 734 F.2d 896 (2d Cir.1984); *Intercontinental Planning, Ltd. v. Daystrom, Inc.*, 24 N.Y.2d 372, 300 N.Y.S.2d 817, 248 N.E.2d 576 (1969). With respect to employment contracts, "the matters of performance and breach are to be determined by the law of the place of performance or, in the alternative, by the law of the state having the most significant contacts with the matter in dispute." *Ingrassia v. Shell Oil Co.*, 394 F.Supp. 875, 882 (S.D.N.Y. 1975).

█ Plaintiff asserts that the facts significant to this cause of action occurred in California. Specifically, plaintiff was a California resident who negotiated and accepted an employment contract while still in California. The injury occurred in California as plaintiff was left there without employment. Further, plaintiff distinguishes the instant case from those cited as authority by defendant in that plaintiff Peters, in reliance on the employment contract, gave up a career in California, in-

curred a cross-country change in residence, and was prevented from performing the contract in New York because of the "anticipatory repudiation" of the contract by the defendant. Plaintiff concludes that California has a substantial interest in preventing such conduct towards its citizens and in ensuring that the reasonable contractual expectations of its citizens are realized.

Defendant argues the subject matter of the contract and the nature and degree of the contacts dictate that New York's interest in having its law applied is paramount to that of California. Defendant observes that the defendant employer is located in New York and plaintiff was to perform the contract in New York. New York, as an international business center, attracts employees from all over the world. Consequently, New York has a strong interest in maintaining a clear and consistent body of employment law, an interest which would be destroyed if the law of the employee's former state or country of residence governed employment claims. Further, the New York Court of Appeals recently reaffirmed the at-will employment doctrine and stated once again that the implied covenant of good faith does not attach to employment contracts governed by New York law. *See Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 514 N.Y.S.2d 209, 506 N.E. 2d 919 (1987). *See also Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109 (2d Cir.1985). Thus, argues the defendant, there are very clear and strong policy considerations which mandate the choice of New York law.

The Court recognizes the importance of the at-will employment doctrine in New York, a doctrine which circumscribes the potential liability of the employer for breach of an employment contract. *See Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 514 N.Y.S.2d 209, 506 N.E.2d 919 (1987). As pleaded in the Complaint, the facts of this case illustrate the important policy considerations underlying New York's employment law. MCI, a New York corporate employer, negotiated and offered a contract of employment from New York. Most importantly, the contract called for plaintiff's performance of the contract in New York. Plaintiff's argument that the place of performance is not important because defendant's "anticipatory repudiation" prevented any performance, is not persuasive nor accurate. The agreement called for service to be performed in exchange for compensation. It also provided for compensation for costs incurred in relocation from California to New York. Plaintiff, in reliance on the employment contract, did "perform" the relocation clause of the agreement. He sold his California residence and purchased a new one in Connecticut, a sale and purchase anticipated by the parties and provided for in the contract. Even if plaintiff had not performed at all under the contract, the expectation that performance would be in New York assumes significance in a State with a strong policy to protect employers. If held inapplicable to this case, the at-will doctrine would be thoroughly frustrated, thereby exposing New York employers to the law of other jurisdictions if, for whatever reason, the contract were breached prior to the commencement of performance.

New York has expressly rejected a cause of action for breach of implied covenant of good faith and fair dealing. *Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109 (2d Cir.1985). Under the facts of this case, where the employer is located in New York and performance was to be in New York, it would contravene the strong policy underlying the at-will doctrine to apply the law of a jurisdiction which authorizes a cause of action in conflict with the policy and law of the forum State.

For the foregoing reasons, the Court concludes that New York has a paramount interest in having its policy upheld by application of its employment law. Accordingly, plaintiff's employment contract claims are governed by New York's at-will doctrine.

■ At–Will. Employment at-will is for an indefinite period of time and may be terminated by either party, without notice and without cause. At-will status may be overcome by evidence of an agreement of employment for a fixed duration. *Weiner*

**414**

*v. McGraw–Hill,* 57 N.Y.2d 458, 457 N.Y. S.2d 193, 443 N.E.2d 441 (1982). Relying on *Weiner,* plaintiff argues that pursuant to the promise of Richards that plaintiff "could expect long-term employment," Cmplnt. ¶ 9, and the offer letters, which stated the first three months would be a probationary period, Cmplnt., Exhs. A, B, his employment contract was for a definite term and, therefore, not an at-will agreement. The Court concludes, however, that "long-term employment" is even less definite than a permanent appointment or employment until retirement, neither of which states a clear and definite limitation on the employer's right to discharge without cause. *Wright v. Cayan,* 817 F.2d 999 (2d Cir.1987) (a letter from an employer according an employee a permanent appointment did not create an employment contract of specific duration), *cert. denied,* — U.S. ——, 108 S.Ct. 157, 98 L.Ed.2d 112 (1987); *Hunnewell v. Manufacturers Hanover Trust Co.,* 628 F.Supp. 759 (S.D.N.Y.1986) (employer's statement that employee would be hired through normal retirement age did not sufficiently state definite term of employment).

■ The three month probationary period does not limit the employer's right to terminate at will. If anything, it clarifies the employee's status as conditional—conditioned upon satisfactory reference checks, satisfactory performance, attitude and conduct. The three month probationary period allows the employee to prove he/she is acceptable. It does not guarantee a definite period of employment which would destroy an otherwise at-will status. *Cf. Wright v. Cayan, supra,* 817 F.2d at 1003 n. 4; *Dalton v. Union Bank of Switzerland,* 134 A.D.2d 174, 520 N.Y.S.2d 764, 765 (1st Dept.1987) (memorandum) ("Although plaintiff was to be paid on the basis of an annual compensation rate, this fact, as such, did not obligate defendant to retain him for that term or for any other period.").

For the foregoing reasons, the Court finds that employment contract at issue to be an at-will agreement. Thus, the Complaint does not state a cause of action

under New York law with respect to the services for compensation clause, and the Motion to Dismiss is granted as to this part of the claim. However, plaintiff alleges the contract also provided for relocation expenses which, if proven, would be compensable under New York law, and the Motion to Dismiss the Complaint as to this issue is denied.

■ Plaintiff's second claim for relief is dismissed for failure to state a cause of action under New York law. *See Sabetay v. Sterling Drug, Inc.,* 69 N.Y.2d 329, 514 N.Y.S.2d 209, 506 N.E.2d 919 (1987); *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E. 2d 86 (1983) (a cause of action in tort for abusive or wrongful discharge of an employee is not recognized in New York).

Counsel for the parties are directed to appear for a status conference on June 22, 1988, at 9:15 a.m., Room 414, U.S. Courthouse, Foley Square, New York, New York.

SO ORDERED.