■ FLEET BANK OF NEW YORK, Appellant, v DOUGLAS-GUARDIAN WAREHOUSE CORPORATION, Respondent. [645 NYS2d 384] —Order unanimously affirmed without costs. Memorandum: Plaintiff contracted with defendant in 1991 to monitor inventory owned by Sam Misita Auto Sales, Inc. (Misita), which had borrowed $1.3 million from plaintiff. Pursuant to the contract, defendant would perform monthly audits of Misita's inventory, which served as collateral on the loan, and would then report its findings to plaintiff. In November 1992 plaintiff received an anonymous tip that most, if not all, of Misita's inventory had been sold. That tip was confirmed by an emergency audit conducted by defendant. Misita thereafter defaulted on its loan, leaving plaintiff with little or no collateral to secure its $1.3 million loan. Plaintiff commenced this action against defendant for breach of contract, negligence and gross negligence.

Supreme Court properly granted defendant's motion for partial summary judgment dismissing the causes of action for negligence and gross negligence. "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389; *see also, Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 29). Here, plaintiff has not alleged that defendant breached a legal duty independent of the contract (*see, Board of Educ. v Sargent, Webster, Crenshaw &*

*Folley, supra,* at 29; *Bristol-Meyers Squibb, Indus. Div. v Delta Star,* 206 AD2d 177, 180; *cf., Sommer v Federal Signal Corp.,* 79 NY2d 540).

We further conclude that the court properly found that the contract's limitation of liability provisions are valid and enforceable. Contrary to plaintiff's contention, those provisions are clear and unambiguous. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Denman, P. J., Pine, Callahan, Balio and Davis, JJ.