■ In the Matter of BARBARA MIKA, Appellant, v NEW YORK STATE ASSOCIATION FOR RETARDED CHILDREN, INC., Respondent. [646 NYS2d 168] —In a proceeding pursuant to CPLR article 78, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Bernhard, J.), entered June 8, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is well settled that absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party *(see, Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406, 410; *Sabetay v Sterling Drug,* 69 NY2d 329, 333). New York does not recognize a tort of wrongful discharge *(see, Murphy v*

*American Home Prods. Corp.,* 58 NY2d 293, 297). A discharged employee may recover damages, however, by establishing that the employer made the employee aware of its express written policy limiting its right of discharge and that the employee detrimentally relied on that policy in accepting the employment *(see, Matter of De Petris v Union Settlement Assn., supra; Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 465-466).

In the instant case, the petition stated that the appellant was first presented with a copy of the respondent's personnel manual at the time she was hired. The petition did not allege that the appellant relied to her detriment on the manual in accepting employment with the respondent. The petition thus stated no cognizable cause of action against the respondent and the court did not err in dismissing the proceeding. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.