■ BRIAN M. POPLAWSKI, Appellant, v METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY et al., Respondents. [692 NYS2d 438] —In an action, *inter alia*, to recover damages for wrongful termination of employment and defamation, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), entered June 4, 1998, which, upon an order of the same court entered May 12, 1998, converting the defendants' motion to dismiss the complaint into one for summary judgment and granting that motion, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs

to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, the Supreme Court properly determined that he was an "at-will" employee. Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time for any reason or no reason by either party (*see, Rooney v Tyson,* 91 NY2d 685, 689; *Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406, 410). Accordingly, the plaintiff cannot maintain causes of action to recover damages for breach of an employment agreement and wrongful termination.

The Supreme Court properly dismissed the cause of action sounding in defamation. The complaint failed to comply with the special pleading requirement that the particular defamatory words be set forth therein, thereby mandating dismissal (*see,* CPLR 3016 [a]; *Monsanto v Electronic Data Sys. Corp.,* 141 AD2d 514). In any event, the statements that the plaintiff alleges were defamatory were contained in documents created by the defendants and forwarded by them to the Insurance Department of the State of New York, and were protected by absolute privilege (*see, Julien J. Studley, Inc. v Lefrak,* 50 AD2d 162, 164, *affd* 41 NY2d 881; *see also,* Insurance Law § 2112 [d]).

The plaintiff's remaining contentions are without merit. S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.