■ REMIGIO DINIO, Appellant, v RUBY OLIVAR et al., Respondents. [696 NYS2d 517] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated July 2, 1998, as granted those branches of the defendants' motion for summary judgment which were to dismiss the causes of action alleging breach of contract, defamation, and intentional infliction of emotional distress.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants moved for summary judgment dismissing, among other causes of action, the cause of action alleging breach of contract. The defendants made a prima facie showing that there was no agreement establishing a fixed duration to the plaintiff's employment or an express written policy limiting its right to discharge employees which was relied upon by the plaintiff (*see, Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406; *Matter of Mika v New York State Assn.* for Retarded Children, 230 AD2d 744; *Matter of Fiammetta v St. Francis Hosp.,* 168 AD2d 556). Inasmuch as the plaintiff failed to raise a triable issue of fact in opposition to this showing, the Supreme Court properly granted the defendants summary judgment dismissing the cause of action alleging breach of contract.

With respect to the plaintiff's claims that he was defamed by his former co-workers, the alleged defamatory statements were clearly entitled to a qualified privilege, which was not overcome by the plaintiff's conclusory allegations of malice (*see, Shapiro v Health Ins. Plan,* 7 NY2d 56; *Doherty v New York Tel. Co.,* 202 AD2d 627).

Lastly, the plaintiff has not alleged facts which demonstrate

extreme and outrageous conduct on the part of the defendants (*see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303; *see also, Cunningham v Mertz,* 265 AD2d 370 [decided herewith]). Accordingly, the cause of action to recover damages for intentional infliction of emotional distress was properly dismissed. S. Miller, J. P., Sullivan, Altman and McGinity, JJ., concur.