■ PRODUCTION PRODUCTS COMPANY, Respondent, v VISION CORPORATION, Appellant. [706 NYS2d 289] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted that part of plaintiff's motion seeking partial summary judgment determining that plaintiff had lawfully terminated a Sales Representative Agreement (Agreement). Pursuant to the Agreement, executed July 1, 1993, defendant was appointed as plaintiff's sales representative in the Midwest. Either party could terminate the Agreement effective at the end of a calendar month upon 60 days' prior written notice. Commissions would be paid on any order placed before the effective termination date and shipped within 90 days after the effective termination date. Defendant contends that plaintiff's attempt to terminate the Agreement by letter dated November 20, 1996 was ineffective. We disagree. The Agreement was for an indefinite period of time and thus is presumed to constitute an at-will employment arrangement (*see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300). The employer has an "unfettered right" to terminate the Agreement (*Murphy v American Home Prods. Corp., supra,* at 304). There is no merit to defendant's contention that the Agreement was subject to an implied obligation of good faith; such an implied obligation would be inconsistent with the unfettered right of termination (*see, Murphy v American Home Prods. Corp., supra,* at 304-305). Nor was there an express provision requiring good faith with respect to termination. The provision that "[a]ll decisions regarding this Agreement made by the Manufacturer in good

faith shall be binding" does not create an obligation of good faith where one did not already exist.

The court also properly granted that part of plaintiff's motion seeking summary judgment dismissing the second and third counterclaims. There is no basis for recovery of commissions beyond those provided for in the Agreement. Defendant may not recover under a theory of unjust enrichment; the existence of a valid and enforceable written agreement precludes recovery on such a quasi-contract theory (*see, Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1202-1203; *see also, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388). There is no basis for recovery under the "procuring cause" theory because that theory does not apply to sales representative agreements (*see, UWC, Inc. v Eagle Indus.*, 213 AD2d 1009, 1010-1011, *lv denied* 85 NY2d 812). An at-will sales representative is entitled to post-discharge commissions "only if the parties' agreement expressly provided for such compensation" (*UWC, Inc. v Eagle Indus.*, *supra*, at 1011). Unsupported allegations of entitlement to commissions beyond those provided for in the Agreement are insufficient to defeat a motion for summary judgment (*see, Metro Sports Sales v Spenco Med. Corp.*, 252 AD2d 484, 484-485).

Finally, the court properly granted that part of plaintiff's motion for dismissal of the fourth counterclaim, seeking punitive damages for fraud and/or gross negligence. Defendant failed to allege the existence of a false representation, an essential element of a fraud claim (*see, Edison Stone Corp. v 42nd St. Dev. Corp.*, 145 AD2d 249, 257, citing *Reno v Bull*, 226 NY 546, 550; *see also, Ambassador Factors v Kandel & Co.*, 215 AD2d 305, 307). Further, the pleadings failed to establish a legal duty independent of the contract that could form the basis for the tort of gross negligence (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, *supra*, at 390; *see also, Wapnick v Seven Park Ave. Corp.*, 240 AD2d 245, 247; *Fleet Bank v Douglas-Guardian Warehouse Corp.*, 229 AD2d 962). Finally, New York does not recognize a cause of action for punitive damages (*see, Fiur Co. v Ataka & Co.*, 71 AD2d 370, 376). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes and Kehoe, JJ.