■ WENDY K. SWITS, Appellant, v NEW YORK SYSTEMS EXCHANGE, INC., Respondent, et al., Defendant. [722 NYS2d 300]

—Mugglin, J. Appeal from that part of an order of the Supreme Court (Keniry, J.), entered January 5, 2000 in Saratoga County, which partially granted defendants' motion for summary judgment dismissing the complaint.

From 1984 to 1992, plaintiff was a sales representative for defendant New York Systems Exchange, Inc. (hereinafter NYSE) and was compensated on a salary plus commission basis in accordance with the terms of a series of memoranda issued by NYSE from 1988 to 1992. In March 1992, her status changed to that of an outside sales person, selling and leasing computing equipment for NYSE on a commission-based compensation plan. In May 1993, NYSE terminated its affiliation with plaintiff. In this action, plaintiff seeks to recover unpaid commissions for the year 1992, as well as commissions on leases which she had originated prior to termination but which were renewed or extended posttermination, and a declaration that NYSE is obligated to pay such commissions on any lease extensions renewed in the future.*

Following joinder of issue and discovery, defendants sought summary judgment dismissing the complaint, contending that the 1988-1992 memoranda make no provision for the payment of commissions on posttermination lease extensions, that such a claim is barred by the Statute of Frauds, and that plaintiff's attempt to vary or add to the terms of the memoranda is prohibited by the parol evidence rule. Supreme Court found issues of fact with respect to the nonpayment of commissions earned prior to termination and denied that part of the motion. However, the court granted the motion for summary judgment dismissing that portion of plaintiff's complaint which seeks commissions based on lease renewals or extensions occurring posttermination. Plaintiff appeals Supreme Court's order in this regard.

We affirm. Although it cannot be determined from plaintiff's complaint whether her claim for posttermination commissions on lease extensions is based on a written or oral contract, as limited by her bill of particulars and the brief on appeal, it is apparent that plaintiff's claim is solely based on the following written provisions:

"1. Commission will be paid on lease extensions of 12 months or longer until a leased asset is paid out entirely, at a rate of 1% of the present value of the lease extension.

"2. A lease is not paid out entirely until *all* costs of the origi-

---

* The complaint asserted a cause of action against the individual defendant, Stephen Zaleskie, which is not relevant to this appeal.

nal deal are considered. These considerations will include the book value as well as future value of: 1) the original equity, 2) the originating commission paid, and 3) expenses such as refurb, transportation, reconfiguration, and installation costs, etc. that were paid for by NYSE and not reimbursed.

"3. All extensions after the lease has been paid out entirely will be commissioned at a maximum rate of 20% of the profit. This will not accelerate, nor will it be added to the buy/sell profit.

"Allocation is as follows:

"20% if you sell or re-lease it to an end-user

"10% in all other cases

"4. When a sales rep sells or leases equipment that comes off lease from another account, the cost of that equipment will be assumed to be current wholesale.

"5. Any unique transaction not covered above will be compensated on an individual basis."

Specifically, plaintiff argues that paragraph 3, concerning lease extensions, and paragraph 5, concerning unique transactions, are ambiguous, and parol evidence is admissible to clarify these terms and demonstrate that issues of fact exist sufficient to defeat defendants' motion for summary judgment. Plaintiff concedes, however, that the language of the memoranda contains no express provision for the payment of commissions posttermination. "An at-will sales representative is entitled to post-discharge commissions 'only if the parties' agreement expressly provided for such compensation' " (*Production Prods. Co. v Vision Corp.*, 270 AD2d 922, 923, quoting *UWC, Inc. v Eagle Indus.*, 213 AD2d 1009, 1011, *lv denied* 85 NY2d 812). Since this rule of law is dispositive, it is unnecessary to address either the parol evidence or Statute of Frauds issues.

Moreover, we find nothing in plaintiff's conclusory submissions that any of her claims are "unique transactions" covered by the fifth paragraph, rather than one or more of the first four paragraphs. Such conclusory allegations, totally unsupported by any evidentiary submission, are insufficient to defeat the motion for summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 563-564).

Lastly, we reject plaintiff's appellate argument that her claim of unjust enrichment survives. To state such a claim, plaintiff would have to aver that NYSE was enriched at her expense and that it is against equity and good conscience to permit NYSE to retain such enrichment (*see, Lake Minnewaska Mtn. Houses v Rekis*, 259 AD2d 797). It cannot be gleaned from

within the four corners of this complaint that plaintiff has so alleged, having pleaded only a breach of contract. Moreover, recovery on this equitable theory does not lie, as the existence of a valid written agreement precludes recovery on a quasi-contract theory (see, *Production Prods. Co. v Vision Corp.*, *supra*, at 923).

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

