■ MARY A. RICCARDI, Appellant, v JOSEPH N. CUNNINGHAM, JR., et al., Respondents. [737 NYS2d 871] —In an action, inter alia, to recover damages for wrongful discharge, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Cammer, J.), dated May 7, 2001, as granted that branch of the defendants' motion which was to dismiss the plaintiff's cause of action for wrongful discharge pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion to dismiss the

plaintiff's cause of action for wrongful discharge pursuant to CPLR 3211 (a) (7). Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party (*see, Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406, 410; *Sabetay v Sterling Drug,* 69 NY2d 329, 333). "This State neither recognizes a tort of wrongful discharge nor requires good faith in an at-will employment relationship" (*Matter of De Petris v Union Settlement Assn., supra* at 410; *see also, Gill v Pathmark Stores,* 237 AD2d 563). Indeed, to imply an obligation of good faith and fair dealing on the part of an employer would be inconsistent with the employer's unfettered right to discharge an employee at will for any reason, or even for no reason at all (*see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300; *Production Prods. Co. v Vision Corp.,* 270 AD2d 922; *Sheth v New York Life Ins. Co.,* 273 AD2d 72, 73). Since the plaintiff was an employee at will, her allegation that the defendants violated their duty to terminate her "only in good faith and with fair dealing" fails to state a cognizable cause of action under New York law (*see, Murphy v American Home Prods. Corp., supra; Production Prods. Co. v Vision Corp., supra; Sheth v New York Life Ins. Co., supra; Gill v Pathmark Stores, supra*).

The plaintiff's remaining contentions are without merit. Florio, J.P., Feuerstein, O'Brien and Adams, JJ., concur.