■ WILLIAM J. McGIMPSEY, Appellant, v J. ROBERT FOLCHETTI & ASSOCIATES, LLC, et al., Respondents. [798 NYS2d 498]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1), as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated May 6, 2003, which, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action alleging breach of contract based on wrongful discharge, and (2) from an order of the same court dated October 28, 2003, which granted the defendants' motion for summary judgment dismissing the first cause of action alleging breach of contract for commissions owed and the third cause of action alleging unjust enrichment.

Ordered that the order dated May 6, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 28, 2003, is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for breach of the commission agreement concerning pretermination commissions and substituting therefor a provision denying that branch of the motion; as so modified, the order dated October 28, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The defendants moved, inter alia, for summary judgment dismissing the second cause of action alleging breach of contract based on wrongful discharge. The defendants demonstrated their prima facie entitlement to summary judgment by establishing that the plaintiff was an at-will employee, and that there was no agreement establishing a fixed duration for the plaintiff's employment or an express written policy limiting their right to discharge employees upon which the plaintiff detrimentally relied (*see Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406 [1995]; *Dinio v Olivar*, 265 AD2d 371 [1999]). As the plaintiff failed to raise a triable issue of fact in opposition to this showing, the Supreme Court properly granted summary judgment dismissing the second cause of action alleging breach of contract based on wrongful discharge.

Since the plaintiff was an at-will employee, his allegation that the defendants violated their duty to terminate him only in good faith and with fair dealing fails to state a cognizable cause of action under New York law (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304-305 [1983]; *Riccardi v Cunningham*, 291 AD2d 547, 548 [2002]; *Production Prods. Co. v Vision Corp.*, 270 AD2d 922 [2000]).

Similarly, the defendants established their prima facie entitlement to summary judgment dismissing the third cause of action alleging unjust enrichment by demonstrating that the existence of the subject commission agreement precluded recovery in quasi-contract for events arising out of the same subject matter (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). In opposition, the plaintiff failed to raise a triable issue of fact, and therefore the grant of summary judgment was proper.

The defendants also established their prima facie entitlement to summary judgment dismissing so much of the first cause of action as sought to recover damages for breach of the commission agreement concerning posttermination commissions by proving that the subject commission agreement did not expressly provide for such compensation (*see Swits v New York Sys. Exch.*, 281 AD2d 833, 835 [2001]; *Production Prods. Co. v Vision Corp., supra* at 923). In opposition, the plaintiff failed to raise a triable fact. Therefore, the Supreme Court properly granted summary judgment dismissing so much of the first cause of action as sought to recover damages for breach of the commission agreement concerning posttermination commissions. However, inasmuch as the defendants failed to meet their prima facie burden for summary judgment dismissing so much

of the first cause of action as sought to recover damages for breach of the commission agreement concerning pretermination commissions, the Supreme Court erred in granting summary judgment dismissing the first cause of action in its entirety (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). There is a question of fact as to whether the defendants failed to pay the plaintiff commissions for contracts he finalized prior to his termination.

The plaintiff's remaining contentions are without merit. Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.