■ KATHLEEN D. DEVANY et al., Appellants, v BROCKWAY DEVEL-
OPMENT, LLC, et al., Respondents. [900 NYS2d 329]—

In an action, inter alia, to recover damages for breach of an
employment contract, the plaintiffs appeal, as limited by their
brief, from so much of an order of the Supreme Court, Dutchess
County (Brands, J.), dated November 17, 2008, as granted the
defendants' cross motion for summary judgment dismissing the
complaint.

Ordered that the order is affirmed insofar as appealed from,
with costs.

In the spring of 2000, the plaintiff Kathleen D. Devany (here-
inafter the plaintiff), responding to a newspaper advertisement
for a "[l]ong term position for right person," was hired by the
defendants as sales manager for residential real estate develop-
ments under construction. A memorandum dated April 4, 2000,
from the defendants to the plaintiff stated that her compensa-
tion included a $750 per unit sales bonus, with an option given
to the plaintiff to "elect to receive 50% of the prescribed sales
bonus upon mortgage commitment if you so desire." In a writ-
ten communication dated April 27, 2000, the plaintiff agreed to
those terms, and noted that "[a]s we discussed" her compensa-
tion package included "both the single family and townhomes
projects at Streamside Knolls." On May 23, 2000, the plaintiff
signed an "employee acknowledgment form," stating that she
was an employee at-will, and either she or her employer could
terminate her employment at any time.

On June 18, 2004, the plaintiff's employment was terminated.
In October 2005, she commenced the instant action to recover
damages, inter alia, based upon the termination of her employ-
ment, and for alleged unpaid commissions.

After discovery, the plaintiffs moved, among other things, for
further discovery, and the defendants cross-moved for summary
judgment dismissing the complaint. In the order appealed from,
the Supreme Court granted the cross motion in its entirety, and
denied the plaintiffs' motion as academic.

Where an employment agreement is silent as to duration,
absent a limitation on the employer's right to discharge the em-

ployee, there is a rebuttable presumption of an at-will employ-ment relationship (*see Rooney v Tyson*, 91 NY2d 685, 690 [1998]). Such "temporally amorphous terms" as "permanent" or "long term" are not definite as to duration (*id.* at 691, 688 [internal quotation marks omitted]; *Peters v MCI Telecom. Corp.*, 685 F Supp 411, 414 [1988]). Further, if the alleged dura-tion of the contract is by its terms in excess of one year, the statute of frauds applies (*see* General Obligations Law § 5-701 [a]), and the documents submitted by an employee in support of his or her claim must include the duration of the contract (*see Durso v Baisch*, 37 AD3d 646, 647 [2007]; *cf. Nausch v AON Corp.*, 2 AD3d 101, 103 [2003]).

Here, the plaintiff claims that she was hired for a definite term of 8 to 10 years. However, there is nothing in the docu-ments submitted to establish a definite term of employment, nor is there any provision limiting the right of her employer to discharge her. Further, the plaintiff explicitly acknowledged that she was an at-will employee. As an at-will employee, she cannot recover damages based upon the termination of her employment (*see Smalley v Dreyfus Corp.*, 10 NY3d 55, 59 [2008]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304-305 [1983]; *McGimpsey v J. Robert Folchetti & Assoc., LLC*, 19 AD3d 658, 659 [2005]).

With respect to her claim for commissions, an at-will sales representative is entitled to post-discharge commissions only if the parties to the agreement expressly provided for such com-missions (*see McGimpsey v J. Robert Folchetti & Assoc., LLC*, 19 AD3d at 659; *Swits v New York Sys. Exch.*, 281 AD2d 833, 835 [2001]; *Production Prods. Co. v Vision Corp.*, 270 AD2d 922, 923 [2000]; *UWC, Inc. v Eagle Indus.*, 213 AD2d 1009, 1011 [1995]). There is an exception to this doctrine for real estate brokers who claim to be the "procuring cause" of a real estate transaction (*see UWC, Inc. v Eagle Indus.*, 213 AD2d at 1011). However, the plaintiff was not a real estate broker, nor was she associated with a real estate broker. Therefore, she could not claim commissions based upon a claim that she was the "procur-ing cause" of a sale (*see* Real Property Law § 442-a).

"Once the commission is earned, it cannot be forfeited" (*Arbeeny v Kennedy Exec. Search, Inc.*, 71 AD3d 177, 182 [2010]; *see McGimpsey v J. Robert Folchetti Assoc., LLC*, 19 AD3d at 660). Thus, the plaintiff was entitled to be paid any commis-sions earned prior to the termination of her employment. The defendants established, as a matter of law, that the plaintiff was paid all commissions earned, and the plaintiffs failed to raise a triable issue of fact on this issue.

The plaintiffs' remaining contentions are without merit. Covello, J.P., Florio, Eng and Chambers, JJ., concur.