■ MARK ROSSETTI, Appellant, v JOHN ARETAKIS et al, Defendants, and LEAKE & WATTS SERVICES, INC., Respondent. [913 NYS2d 920]—

In an action, inter alia, to recover damages for unlawful termination of employment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated November 4, 2009, which granted the motion of the defendant Leake & Watts Services, Inc., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the motion of the de-

fendant Leake & Watts Services, Inc. (hereinafter L & W), pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. In the complaint, the plaintiff alleged, inter alia, that L & W, his former employer, had wrongfully terminated his employment. Absent an agreement fixing a duration of employment, an employment relationship is presumed to be a hiring at-will, terminable at any time for any lawful reason or no reason (*see Rooney v Tyson*, 91 NY2d 685, 689 [1998]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293 [1983]; *Devany v Brockway Dev., LLC*, 72 AD3d 1008 [2010]; *McGimpsey v J. Robert Folchetti & Assoc., LLC*, 19 AD3d 658 [2005]; *Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 720 [2003]; *Riccardi v Cunningham*, 291 AD2d 547 [2002]; *Poplawski v Metropolitan Prop. & Cas. Ins. Co.*, 262 AD2d 543 [1999]). Contrary to the plaintiff's contention, the Supreme Court properly determined that he was an at-will employee (*see Riccardi v Cunningham*, 291 AD2d 547 [2002]; *Poplawski v Metropolitan Prop. & Cas. Ins. Co.*, 262 AD2d 543 [1999]), and also correctly determined that, to the extent that his fifth cause of action could be interpreted to encompass an allegation that L & W violated the proscriptions articulated in Executive Law § 296 (16), he did not allege facts sufficient to bring him within the protections of that statute (*see Green v Wells Fargo Alarm Serv.*, 192 AD2d 463 [1993]).

Furthermore, the Supreme Court properly dismissed the cause of action sounding in defamation insofar as asserted against L & W, since the complaint did not comply with the special pleading requirement that the particular defamatory words be set forth therein (*see* CPLR 3016 [a]; *Salvatore v Kumar*, 45 AD3d 560, 563 [2007]; *Poplawski v Metropolitan Prop. & Cas. Ins. Co.*, 262 AD2d 543 [1999]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.