■ BRUCE FREIMAN, Respondent, v JM MOTOR HOLDINGS NR 125-139, LLC, et al., Appellants. [920 NYS2d 189]—

On or about July 2, 2007, the plaintiff commenced employment as the general manager of the defendants' newly opened car dealership in New Rochelle. After the defendants terminated his employment on October 22, 2007, the plaintiff commenced this action to recover damages for breach of contract, fraudulent inducement, and fraudulent concealment. The plaintiff alleged that he was employed under a nine-month employment agreement and asserted, inter alia, that, to induce him to leave his former position at another dealership, the defendants misrepresented both his and the new dealership's financial prospects.

Prior to the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The defendants argued that the plaintiff's express written acknowledgments established that he was employed "at-will" and that the fraud allegations were patently insufficient, as they derived from his cause of action alleging breach of contract and were based on stated opinions or projections, rather than assertions of fact. The Supreme Court denied the motion for summary judgment, finding that the issues were "impossible to resolve" in the midst of discovery. We reverse.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action based on the plaintiff's written acknowledgments that he was an at-will employee, which the plaintiff did not deny executing (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Monheit v Petrocelli Elec. Co., Inc.*, 73 AD3d 714, 715 [2010]; *Devany v Brockway Dev., LLC*, 72 AD3d 1008, 1009 [2010]; *McGimpsey v J. Robert Folchetti & Assoc., LLC*, 19 AD3d 658, 659 [2005]).

The Supreme Court also should have granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging fraudulent inducement and fraudulent concealment. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not make any material misrepresentations of fact or conceal any material facts which induced the plaintiff to leave his former employment and join the defendants' new dealership (*see Manti's Transp., Inc. v C.T. Lines, Inc.*, 68 AD3d 937, 939 [2009]; *Montchal v Northeast Sav. Bank*, 243 AD2d 452, 453 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact, since his allegations of fraud simply recast his cause of action alleging breach of contract as one sounding in tort (*see Introna v Huntington Learning Ctrs., Inc.*,

78 AD3d 896, 898-899 [2010]; *Hylan Elec. Contr., Inc. v MasTec N. Am., Inc.*, 74 AD3d 1148, 1149-1150 [2010]), and concerned the defendants' opinions or projections, rather than any misstatements of fact (*see Bank of N.Y. v Realty Group Consultants*, 186 AD2d 618, 619 [1992]; *Pappas v Harrow Stores*, 140 AD2d 501, 504 [1988]).

There was no need to delay the determination of the motion by virtue of CPLR 3212 (f). The plaintiff failed to demonstrate that additional discovery might lead to relevant evidence which would have defeated any branch of the defendants' motion (*see Dempaire v City of New York*, 61 AD3d 816 [2009]; *Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]; *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Rivera, J.P., Dickerson, Eng and Lott, JJ., concur.