19-1082-cv
*Holcombe v. Ingredients Solutions, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand twenty.

PRESENT:   JOHN M. WALKER, JR.,
                       GERARD E. LYNCH,
                       RICHARD J. SULLIVAN,
                              *Circuit Judges.*

----------------------------------------------------------------

MARGARET HOLCOMBE,

      *Plaintiff-Appellant*,

      v.                                                    No. 19-1082-cv

INGREDIENTS SOLUTIONS, INC.,

      *Defendant-Appellee*.

FOR APPELLANT:                    DOUGLAS J. VARGA (Scott R. Lucas, *on the brief*), Lucas & Varga LLC, Southport, CT.

FOR APPELLEE:                     KIM E. RINEHART (Benjamin H. Diessel, *on the brief*), Wiggin and Dana LLP, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Margaret Holcombe appeals an order of the district court (Underhill, *J.*) dismissing her amended complaint against Ingredients Solutions, Inc. ("ISI") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).   Holcombe, an ISI sales representative from 1999 to 2016, asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, negligent misrepresentation, violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110 *et seq.*, and lost commissions under Conn. Gen. Stat. § 42-482.   The district court construed these claims as broadly setting forth two sets of allegations:   (1) ISI engaged in misconduct relating to the sourcing of its carrageenan food additive product (the "sourcing theory"); and (2) ISI breached

2

agreements and promises to pay Holcombe commissions on sales it made to her former customers after she terminated her relationship with the company (the "commissions theory"). The district court held that Holcombe lacked Article III standing to the extent her claims depended on the sourcing theory, and that she failed to state a claim under the commissions theory. We assume the parties' familiarity with the underlying facts and the record of prior proceedings. For the reasons set forth below, we affirm the district court's dismissal of the amended complaint but remand with instructions to modify the judgment such that the dismissal is without prejudice as to the sourcing theory.

## I. Standing

To establish standing under Article III of the Constitution, a plaintiff must show that (1) she suffered an "injury in fact" that is concrete and particularized, (2) the injury bears a "causal connection" (or is "fairly traceable") to the defendant's challenged action, and (3) the injury is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "Although standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal, it often turns on the nature and source of the claim asserted." *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (internal citation omitted).

Looking to the nature of the claims asserted here, we conclude that Holcombe clearly has standing to assert her claims to the extent they are based on the commissions theory. With respect to this theory, Holcombe alleges that she suffered an injury in the form of lost commissions, that this injury was fairly traceable to ISI's wrongful failure to pay her commissions – an allegation that is relevant to each of the six counts in the amended complaint – and that her loss of commissions is redressable by a favorable decision.

With respect to the sourcing theory, however, Holcombe's allegations of misconduct are not fairly traceable to an injury in fact. Holcombe does not allege that she lost out on commissions while she was an ISI sales representative; rather, she alleges that she lost out on commissions only after she chose to resign rather than become complicit in ISI's misconduct. Although Holcombe may have been in an unenviable position, on this record we conclude that her decision to resign was voluntary, thus breaking the causal chain between any sourcing misconduct on the part of ISI and her lost commissions. *See McConnell v. FEC*, 540 U.S. 93, 228 (2003) (concluding that plaintiffs' injury stemmed from their "personal choice" and thus was not "fairly traceable" to the challenged statute), *overruled on other grounds by Citizens United v. FEC*, 558 U.S. 310 (2010). In other words, Holcombe's decision

4

to leave ISI, even if reasonable, was not undertaken to avoid an economic or reputational injury that was itself "certainly impending" at the time she left. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). In addition, while Holcombe alleges that she suffered a loss of goodwill and reputation, the amended complaint likewise attributes that injury to her own decision to leave ISI abruptly and without explanation, not to any sourcing misconduct itself.

Finally, Holcombe's conclusory allegations that ISI's sourcing misconduct might expose her to future civil and criminal liability are insufficient to establish an injury that is "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks omitted); *see also Knife Rights, Inc. v. Vance*, 802 F.3d 377, 384 (2d Cir. 2015) (explaining that, to establish an injury in fact based on potential criminal liability, a plaintiff must demonstrate a "credible threat of prosecution" that is not "imaginary or speculative" (internal quotation marks omitted)). Thus, we conclude that Holcombe lacks Article III standing to bring claims against ISI based on the sourcing theory alleged in the amended complaint.

## II. Failure to State a Claim

Although Holcombe has standing to pursue her commissions theory, we conclude that the allegations underlying this theory, construed in the light most

5

favorable to Holcombe, are inadequate to state a claim. The gravamen of Holcombe's commissions theory is that ISI agreed or otherwise promised her that she would receive commissions on sales made to customers that she had procured regardless of whether she later terminated her relationship with ISI.

While we are unaware of Connecticut or Maine case law on point, courts have consistently rejected claims for commissions on post-termination sales absent an express agreement providing otherwise.[1] *See, e.g., Prod. Prods. Co. v. Vision Corp.*, 706 N.Y.S.2d 289, 291 (App. Div. 2000) ("An at-will sales representative is entitled to post-discharge commissions only if the parties' agreement expressly provided for such compensation." (internal quotation marks omitted)); *see also Roberts Assocs., Inc. v. Blazer Int'l Corp.*, 741 F. Supp. 650, 653 (E.D. Mich. 1990) (agreement to pay commissions on "all sales" did not entitle former sales representative to commissions on post-termination sales); *cf.* Restatement (Second) of Agency § 449 cmt. b (1958) ("In the absence of *specific terms* in the contract or of circumstances indicating otherwise, the principal is privileged to compete with the

---

[1] Although Holcombe resides in Connecticut and ISI is located in Maine, the district court declined to conduct a choice-of-law analysis because it concluded that Holcombe's common law allegations contained "broad inadequacies common to both states' case law." S. App'x at 10. Because the parties have not identified any material difference between Connecticut and Maine law, we also find it unnecessary to conduct a choice-of-law analysis here.

6

agent and, either in person or through another agent, to accomplish the result without compensation to the first agent." (emphasis added)); *id.* § 453 cmt. d (similar).

Here, Holcombe primarily alleges that: in an October 2000 letter, ISI promised that she would receive a "4% commission . . . on all sales;" ISI had a practice of paying sales representatives "commissions into their 70's and 80's (or until their death) in connection with sales made to customers they procured for accounts whenever secured, despite little or no activity;" and ISI promised Holcombe that she would be compensated on the same "commission plan or structure that applied to Frank Holcombe," her father-in-law and one of the representatives who received commissions past the age of 70. App'x at 68, 174–77. But none of these allegations plausibly pleads an express promise, oral or written, to pay commissions to Holcombe in perpetuity – that is, even after she terminated her relationship with ISI, and indeed after she began representing a competitor. Nothing in the October 2000 letter indicates that the commission agreement was intended to extend past termination. To the contrary, the letter states that the commissions will be paid "in addition to" a salary for which Holcombe would be reimbursed. Salary and expenses are plainly not paid after

7

termination of employment, undermining Holcombe's assertion that the commissions would be paid past that point.   Although Holcombe alleges that the October 2000 agreement was complemented by various oral communications, she has failed to identify in her complaint any specific conversations in which ISI officials promised to pay her commissions past termination.   Nor does the mere fact that ISI paid commissions to sales representatives into their 70's and 80's plausibly support Holcombe's commissions theory, since Holcombe does not allege that any of those representatives had terminated their relationship with ISI. Accordingly, the district court did not err in concluding that Holcombe's amended complaint fails to state a claim based on her commissions theory.

### III.   Dismissal without Prejudice and Leave to Amend

Holcombe argues in conclusory fashion that, "[a]t the very least, the dismissal should be without prejudice and [she should be] granted leave to amend."   Appellant's Opening Br. at 59.   With respect to Holcombe's sourcing theory, we conclude – and ISI concedes – that dismissal with prejudice on Article III standing grounds was improper.   *See, e.g., Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]here a case is dismissed for lack of Article III standing . . . that disposition cannot be entered with prejudice, and instead must be

8

dismissed *without prejudice*."). Nevertheless, that the dismissal of the sourcing theory must be without prejudice does not mean that Holcombe must be granted leave to amend. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004); *see also MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice."). Here, the district court's failure to grant Holcombe leave to file a second amended complaint was not error as to either of her two theories, particularly given that Holcombe did not request leave to file a second amended complaint. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request [for leave to amend] that was not made."). In addition, Holcombe has not explained on appeal how she would cure the Article III standing deficiencies in her sourcing allegations, or how she would cure her failure to plead cognizable claims under a commissions theory, in a second amended complaint. Thus, although the district court should have dismissed Holcombe's sourcing allegations without prejudice, we discern no error in the district court's dismissal of the amended complaint in its entirety without leave to amend, and with prejudice as to her commissions theory.[2]

---

[2] Unlike a dismissal with prejudice, a dismissal *without* prejudice does not carry with it preclusive

9

Accordingly, we principally AFFIRM the judgment of the district court but

REMAND with instructions to dismiss the amended complaint without prejudice

insofar as it is based on Holcombe's sourcing theory.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

effect, *see Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003), even where the district court does not grant leave to amend, *see, e.g., Wynder*, 360 F.3d at 76. Thus, Holcombe may attempt to bring claims based on her sourcing theory in state court or, if she later believes that she can establish Article III standing, she can attempt to bring a new action in federal court, assuming that no independent barrier exists. *See MAO-MSO Recovery II*, 935 F.3d at 582. Of course, we express no view on whether a state or federal court would have jurisdiction over any future sourcing-related claims or on the merits of any such claims.

10