Matter of Jada T. v Michael A. C. (2020 NY Slip Op 08021)





Matter of Jada T. v Michael A. C.


2020 NY Slip Op 08021


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Webber, J.P., Mazzarelli, Gesmer, Moulton, González, JJ. 


Docket No. O-2512/19 Appeal No. 12736 Case No. 2019-04255 

[*1]In the Matter of Jada T., Petitioner-Respondent,
v
Michael A. C., Respondent-Appellant.


Andrew J. Baer, New York, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child.



Order, Family Court, New York County (Emily M. Olshansky, J.), entered on or about September 26, 2019, which, upon a fact-finding determination that respondent-appellant committed the family offenses of assault in the third degree and harassment in the second degree, granted a two- year order of protection in favor of the petitioner, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that appellant committed the family offenses of assault in the third degree and harassment in the second degree (Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]). The record supports the court's credibility determinations.
We also reject appellant's claim that he was deprived of the effective assistance of counsel because he has failed to show "that he was deprived of meaningful representation by reason of counsel's deficiency and that respondent suffered actual prejudice as a result " (Judith L.C. v Lawrence Y., 179 AD3d 616, 617 [1st Dept 2020], lv denied, 35 NY3d 911 [2020]). In particular, we reject his claim that his failure to appear in court resulted from his attorney's ineffective representation; in fact, respondent admits that he was in court in June when the trial court set the September trial date on which respondent failed to appear.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020