Ackerson v Restani Constr. Corp. (2024 NY Slip Op 06322)

Ackerson v Restani Constr. Corp.

2024 NY Slip Op 06322

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-11233
 (Index No. 725489/22)

[*1]Shawn Ackerson, respondent, 
v
Restani Construction Corp., et al., defendants, Consolidated Edison Company of New York, Inc., appellant.

Christopher A. D'Angelo, New York, NY (Paul Limmiatis of counsel), for appellant.
Bell Law Group, PLLC, Syosset, NY (Adam P. Grogan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Labor Law § 740, the defendant Consolidated Edison Company of New York, Inc., appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered August 4, 2023. The order denied that defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Consolidated Edison Company of New York, Inc., which was to dismiss so much of the second cause of action as alleged tortious interference with contract insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff commenced this action against, among others, the defendants Restani Construction Corp. (hereinafter Restani) and Consolidated Edison Company of New York, Inc. (hereinafter Con Edison and, together with Restani, the defendants), to recover damages for a violation of Labor Law § 740, tortious interference with contract, and tortious interference with prospective contractual relations. The plaintiff alleged, among other things, that the defendants acted as his joint employers and retaliated against him by terminating his employment after he alleged that Restani, a construction company to which Con Edison subcontracted certain work, was "illegally dumping" construction debris and waste. In addition, the plaintiff alleged that after he was terminated, he obtained employment on two separate occasions with other specific employers that also performed work for Con Edison, but that Con Edison allegedly contacted those employers and denied permission for the plaintiff to work on certain jobs with those employers, causing the plaintiff to be terminated by those employers. According to the plaintiff, Con Edison "blackballed" him from those subsequent employment opportunities in retaliation for his earlier complaints about Restani's alleged illegal dumping.
Con Edison moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it. In an order entered August 4, 2023, the Supreme Court denied the motion. Con Edison appeals.
"On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Antoine v Kalandrishvili, 150 AD3d 941, 941; see Eccles v Shamrock Capital Advisors, LLC, 42 NY3d 321, 342). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (Eccles v Shamrock Capital Advisors, LLC, 42 NY3d at 343[internal quotation marks omitted]; see SV Vernon 43, LLC v Malik, 138 AD3d 730, 731).
Here, the Supreme Court correctly determined that the amended complaint stated a cause of action to recover damages for a violation of Labor Law § 740 insofar as asserted against Con Edison. The amended complaint set forth sufficient allegations that Con Edison was a joint employer of the plaintiff (see Cabrera v Deadwood Constr., Inc., 226 AD3d 743, 744; Ferris v Lustgarten Found., 189 AD3d 1002, 1006-1007) and that the defendants retaliated against the plaintiff in violation of Labor Law § 740 for the plaintiff's complaints regarding Restani's alleged illegal dumping by taking adverse employment actions that affected the plaintiff's current and future employment (see id. § 740[1][e][i]; [1][e][ii]; [2][a]).
Contrary to the plaintiff's contention, the amended complaint failed to state a cause of action to recover damages for tortious interference with contract insofar as asserted against Con Edison. The amended complaint alleged that the plaintiff entered into certain employment contracts after he was terminated from Restani and that Con Edison interfered with those contracts, causing the plaintiff's termination. Inasmuch as the plaintiff failed to allege that those employment contracts were for a definite term, we presume that they were terminable at will (see Sabetay v Sterling Drug, 69 NY2d 329, 333; see also Rossetti v Aretakis, 78 AD3d 1148, 1149). A contract that is terminable at will cannot form the basis of a claim for tortious interference with contract because such a contract "contemplates prospective contractual relations only" (Miller v Mount Sinai Med. Ctr., 288 AD2d 72, 72; see Waste Servs. v Jamaica Ash & Rubbish Removal Co., 262 AD2d 401, 402).
Nonetheless, the amended complaint stated a cause of action to recover damages for tortious interference with prospective contractual relations insofar as asserted against Con Edison. "Where, as here, the alleged interference was with prospective contractual relationships, rather than existing contracts, a plaintiff must show that the defendant interfered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff or by means that were unlawful or improper" (Out of Box Promotions, LLC v Koschitzki, 55 AD3d 575, 577). "'This standard is met where the interference with prospective business relations was accomplished by wrongful means or where the offending party acted for the sole purpose of harming the other party'" (106 N. Broadway, LLC v Lawrence, 189 AD3d 730, 740, quoting Law Offs. of Ira Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 585). Wrongful means may include physical violence, fraud, misrepresentation, civil suits, criminal prosecutions, and economic pressure (see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 191). Here, the plaintiff sufficiently alleged that Con Edison tortiously interfered with his prospective contractual relationship with his employers by engaging in unlawful retaliatory conduct in violation of Labor Law § 740 (see Taxi Tours Inc. v Go N.Y. Tours, Inc., 41 NY3d 991; Out of Box Promotions, LLC v Koschitzki, 55 AD3d at 577).
Accordingly, we modify the order so as to grant that branch of Con Edison's motion which was to dismiss so much of the second cause of action as alleged tortious interference with contract insofar as asserted against it.
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court